HENRY HARDESTY, Sen., et al. *v.* SUKEY WORMLEY—SUKEY WORMLEY *v.* HENRY HARDESTY, Sen., et al.

A purchaser of a slave who stipulates with his vendor that he will emancipate the slave, when the price is refunded to him, is legally bound to fulfil the obligation resulting from that stipulation, and to emancipate the slave, on the repayment to him of the price.

The fact that the purchaser was before and after the purchase and emancipation of the slave, in public concubinage with her, would not defeat the stipulation in favor of her freedom, and would not authorize the heirs of the purchaser to treat her emancipation as a disguised donation, and to reclaim her as belonging to his succession.

APPEAL from the District Court of St. Tammany, *Watterston*, J. *J. R. Jones*, for *Hardesty* et al., appellants. *Ogden & Leovy*, for *Sukey Wormley* et al, appellees.

SLIDELL, C. J. The heirs of *M. C. Hardesty* seek to reduce *Sukey Wormley* to slavery, and to deprive her of all her property, upon the alleged grounds that she was the public concubine of *Hardesty*, that her enfranchisement and the sale to her of her daughter and grandchildren, were disguised donations in fraud of his heirs, and in violation of the law; and that, being a slave, her acquisitions belonged to his heirs.

The above causes involving these issues, were tried by a jury, who found verdicts in favor of *Sukey*, and a new trial was refused, the District Judge having declared his opinion that the verdicts were fully sustained by the law and the evidence. The heirs have appealed.

A perusal of the evidence has satisfied us that a non-suit of the judgment would involve a monstrous injustice, and we are glad that no stringent rule of law intervenes to force us to such a conclusion.

The case is pressed on the ground of concubinage. The evidence admitted at the trial does not prove it; and the evidence of public repute, which was rejected, would not, perhaps, have convinced the mind of the existence of that fact, coupled as it was with the declaration of the two witnesses, that they had no knowledge on this subject except from rumor. But suppose there was concubinage, the woman would still be entitled to judgment.

As far back as 1834, *Hardesty* presented to the Police Jury of St. Tammany petitions in which he prayed leave to enfranchise *Sukey* and her child *Adeline*, declaring that when he bought them, *Sukey* had advanced about half of the money,

and, besides paying her wages, had also paid the balance of the money expended in the purchase; that the price was reduced by *Wright*, the vendor, in consideration of the long and faithful services of *Sukey* to himself and his deceased father, and the promise of *Hardesty* to emancipate her and her child as soon as she should refund the money advanced. Upon this petition there were the usual proceedings, and a decree of emancipation. This declaration is corroborated by other evidence, from all which it satisfactorily results that there was an agreement for her conditional emancipation, made with her former owner, by *Hardesty*; that, by the indulgence of her former owner, she had amassed a considerable peculium; that, by unusual industry, economy, and good character, she afterwards made a great deal of money, laboring day and night for the purpose of purchasing her offspring; that she has paid for herself and them, and that what she now has is the fruit of her honest and persevering exertions during a long course of years, in a community where she seems to have enjoyed general confidence and respect.

Now, if all this be true, surely, even if concubinage were proved, there is nothing in the fact that the master had degraded himself by debauching the slave under his dominion, which could discharge him in law from the fulfilment of his promise of emancipation—a lawful promise, which his obligation to the vendor bound him to fulfill, and which legally enured to the benefit of the slave, for whom the former owner, as the reward of her fidelity, had stipulated, and this at his own cost, by a reduction of price. See *Gaudet* v. *Gourdain*, 3 Annual, 137.

With regard to the subsequent conveyances to *Sukey*, the circumstances justify the conclusion of the jury that they were honestly paid for by her.

This suit is a cruel experiment upon the liberty and hard earnings of an humble and deserving woman, and has been righteously discountenanced by the verdict of a jury of the vicinage with whom her character for industry, honesty and thrift had stood her in good stead. We are satisfied the judgment below has done justice, and have no hesitation in affirming it.

Judgment affirmed with costs.