KATE HOGAN, as Administratrix, etc., Appellant, *v.* THE CITY OF BROOKLYN, Respondent.

*Court of Appeals, April 14, 1891.*

Reversing 25 St. Rep. 940.

1. *Municipal corporations. Officer.*—A municipal officer, who has been unlawfully removed from an office to which another has been appointed, and who has not, by *certiorari* or otherwise, obtained a reversal of the order of removal, or a lawful reinstatement in the vacated term, but has acquiesced in such removal, cannot recover from the corporation the compensation incident to the office, which has accrued after his removal and during the period in which he performed no service.
2. *Same. Title to office.* The title to a public office cannot be tried in an action to recover its salary.

Appeal from judgment of the city court of Brooklyn, general term, affirming judgment for defendant.

*Edward F. O'Dwyer*, for appellant.

*Almet F. Jenks*, corporation counsel, for respondent.

PER CURIAM.—We think that, under the authorities, this action cannot be supported. The rule deducible from an

examination of the various cases on the subject in this state is to the effect that a public officer unlawfully removed from office, to which another person is appointed, and who acquiesces in such removal and has not, by *certiorari* or otherwise, obtained a reversal of the order removing him or a reinstatement in the vacated term by the board having authority to make it, cannot recover from the corporation the compensation incident to the office, accruing during the period in which he performed no service. Nichols v. MacLean, 101 N. Y. 526; McVeany v. Mayor, etc., 80 Id. 190; Dolan v. Mayor, etc., 68 Id. 274; Fitzsimmons v. City of Brooklyn, 102 N. Y. 536.

In an action to recover the salary of a public office the title to the office necessarily comes in question, and that question cannot be tried in such action. Hadley v. City of Albany, 33 N. Y. 606.

These propositions necessarily lead to an affirmance of the judgment of the courts below.

Judgment affirmed, with costs.

All concur, except FINCH and GRAY, JJ., absent.