### In re WILKINS PLACE et al.[1]

(Supreme Court, Special Term, New York County. April, 1898.)

1. CONSTITUTIONAL LAW—VESTED RIGHTS—OFFICERS—SALARIES.

Commissioners in street-opening proceedings not being constitutional officers, their unearned compensation may be reduced during their term of office, since it relates to a matter of procedure, rather than of substantive right.

2. GREATER NEW YORK—STREET-OPENING PROCEEDINGS—COMPENSATION OF COMMISSIONERS.

Under Greater New York Charter, § 998 (Laws 1897, c. 378), fixing the compensation of commissioners in street-opening proceedings at six dollars per diem, commissioners appointed before the charter took effect are entitled to only said sum for services performed after the taking effect of the charter, since said provision applies to proceedings instituted under prior charter provisions under section 1608, repealing Laws 1882, c. 410, § 1000 (Consolidation Act), so far as inconsistent with the new charter, and continuing it where its provisions are identical.

[1] Affirmed on appeal. See 53 N. Y. Supp. 875.

**3. SAME—VESTED RIGHTS.**
    And this in spite of section 1614, providing that the charter shall not impair rights vested or accruing before its taking effect, and that all proceedings under Consolidation Act (Laws 1882, c. 410) shall be prosecuted, the same as under the laws then existing, unless otherwise provided, since such commissioners have no vested right to their future unearned compensation.

**4. SAME.**
    In Greater New York Charter, c. 21, § 1448, excepting pending street-opening proceedings from the provisions of said chapter, and providing that they shall be conducted as if this "act" had not been passed, the word "act" is used either interchangeably with "chapter" or else inadvertently.

Proceedings for the opening of Wilkins place, 176th street, 169th street, and Edgecombe road.    Heard on motion to tax costs.

R. D. Woodford, E. B. Whitney, H. M. Smith, and Isaac Fromme, for commissioners.

Corporation Counsel, for City of New York.

WERNER, J.    The only items of the costs sought to be taxed which are disputed are those charged for services rendered subsequent to January 1, 1898.    The contention of the commissioners in each of said proceedings is that they are entitled to the same fees for the services rendered subsequent to the 1st day of January, 1898, that they were entitled to for services rendered before that date, which was at the rate of $10 per day.    The corporation counsel contends, that the fees of the commissioners for services rendered by them after January 1, 1898, are fixed by section 998 of the charter of New York at $6 per day.    The claim of the commissioners is based upon the assumption that said section 998 relates only to proceedings instituted under the act of which said section 998 forms a part, and that, by sections 1448 and 1614 of the same act, proceedings instituted prior to the passage thereof are expressly exempted from its provisions.    Said commissioners also claim that the rate of compensation which prevailed at the time of the appointment of said commissioners is in the nature of a vested right, which cannot be curtailed by subsequent legislative enactment.    This latter contention is easily disposed of.    It is well settled that, unless an office is a constitutional one, the salary or fees of which are protected from reduction during the term thereof by the provisions of the constitution, the legislature may increase or decrease the salary or fees thereof.    Conner v. Mayor, etc., 5 N. Y. 285; Smith v. Mayor, etc., 37 N. Y. 518.    It is equally well settled that a law changing procedure applies thereafter as well to actions pending when the statute was passed as to those subsequently commenced, unless the former are specially excepted.    Lazarus v. Railway Co., 145 N. Y. 581, 40 N. E. 240.    The fees of the commissioners in special proceedings, like the fees of referees, or costs in actions, are matters which relate to the forms of procedure, rather than matters of substantive right, and may, therefore, be changed by the legislature at will.    Section 998 of the charter fixes the fees of commissioners of estimate and assessment at "$6 for each day upon which the said commissioners shall meet and be actually and necessarily employed in the performance of the duties imposed upon them by this act."    Before January 1,

1898, the fees of commissioners of estimate and assessment were fixed by section 1000 of the consolidated act of 1882, as amended by section 14 of chapter 660 of the Laws of 1893, which provides that such commissioners "shall receive the like fees or compensation as by law or the rules of the court are allowed to a referee in other actions or proceedings in such court for each day upon which said commissioners shall meet and be actually and necessarily employed in the performance of the duties imposed upon them by this act." Section 3296, Code Civ. Proc., fixes the fees of referees at $10 per day. The contention of the commissioners that section 998 of the New York Charter applies only to services rendered in proceedings instituted under that act cannot be fairly considered without reference to section 1608 of the same act, which provides that: "So far as the provisions of this act are the same in terms or in substance and effect as the provisions of the said consolidation act * * * this act is intended to be, not a new enactment, but a continuation of the said consolidation act." Section 998 is a continuation of section 1000 of chapter 410, Laws 1882, as amended by section 14, c. 660, Laws 1895, except as to those parts which have been repealed by the first clause of section 1608 of the present charter. The use of the words "this act" by the legislature in said section 998 is, therefore, no more inconsistent with the legislative intent to treat the law as continuing, so far as it remained unchanged, than the substitution of the provision fixing the commissioners' fees at $6 per day is consistent with the provisions of section 14, c. 660, Laws 1895, fixing such compensation at the same rate as referee's fees. The legislative intent as to both points is clear. The law, so far as it remained unchanged, was simply continued. So far as it was changed, the old provisions were repealed. It cannot be said, therefore, that the use of the words "this act," as applied to provisions which are expressly declared to be continuations of former statutes, evinces a legislative intent to exclude from the operation of said section 998 proceedings which were pending at the time of its enactment. But the commissioners further claim that by virtue of sections 1448 and 1614 these proceedings are expressly exempted from the operation of section 998. It seems to us that as to section 1448 the answer is obvious. It is a part of chapter 21, which has no relation to title 4 of chapter 17, or to proceedings for the opening of streets, etc., thereunder. The context of this section clearly shows that the words "chapter" and "act" were either used interchangeably or the word "act" was inadvertently used in the place of "chapter." If the legislature had intended to provide that all proceedings for the opening of streets, etc., "shall be conducted as if this act had not been passed," it would have placed this provision in the chapter which treats of that subject. If we insert the word "chapter" in the place of the word "act," where it is used in the last two lines of section 1448, we then have a logical and complete scheme for the taking of lands for public purposes, such as for school houses, police stations, etc. Under this branch of the right of eminent domain, proceedings can be continued and completed under old statutes without inconvenience or confusion, and for that reason this saving clause was probably suggested and enacted. Section 1614 provides that: "No right or

remedy of any character shall be lost or impaired or affected by reason of this act. This act shall not affect or impair any act done or right accruing, accrued or acquired * * * prior to the time when this act takes effect, or by virtue of any laws repealed or modified by this act, but the same may be asserted, enforced or prosecuted as fully and to the same extent as if this act had not been passed, or said laws had not been repealed or modified; and all actions, suits, proceedings or prosecutions under the New York City Consolidation Act of 1882 or amendments thereof, * * * may be prosecuted and defended to final effect in the same manner as they might under the laws then existing, unless herein otherwise specially provided." The rights and remedies referred to in this section are those vested rights which no repeal of laws can sweep away. Persons whose substantial and vested rights are affected by the changes in the laws above referred to are protected by this saving clause. But the future unearned fees of commissioners do not belong in this category of rights and remedies. A mere expectation is not a vested right. Suth. St. Const. p. 219, § 164. The right to compensation accrues from services performed, and not from the nature or tenure of the office; and, as we have already observed, the compensation of statutory officers, not specifically protected by the constitution, may be increased or decreased by the legislature. Nichols v. McLean, 101 N. Y. 526, 5 N. E. 347. Any attempt to discuss the numerous other points suggested in the able and exhaustive briefs of the respective counsel would extend this opinion beyond the reasonable limits within which it may safely and properly be confined, and we therefore conclude, without further discussion of the subject, that the corporation counsel's objections to the proposed bills of costs may be sustained. The fees of the several commissioners for services rendered after January 1, 1898, are hereby taxed at six dollars per day.

Let orders be submitted.