## Flanary, County Superintendent v. Barrett.

(Decided February 9, 1912.)

## Appeal from Pike Circuit Court.

1.  Schools—Section 4503, Kentucky Statutes—Teacher—Assistant Teacher—Third Class Certificate—Holder.—Section 4503, Kentucky Statutes, providing that "After July 1st, 1894, a certificate of the third class shall not entitle the holder to teach in any district reporting fifty-five or more pupil children," applies to assistant teachers as well as principal teachers.

    Same—Officer—Without Title—Compensation—Estoppel.—An officer without title who performs the duties of an office, can not recover compensation, the State not being estopped to resist his claim because he performed the services.

J. F. BUTLER and JAMES BREATHITT, Attorney General for appellant.

CHILDERS and CHILDERS for appellee.

OPINION OF THE COURT BY WILLIAM ROGERS CLAY, COMMISSIONER—Reversing.

Plaintiff, A. E. Barrett, a school teacher of Pike County, brought this action against defendant, W. E. Flanary, County Superintendent of Schools, for a mandamus compelling the defendant to pay to him the sum of $207.88, alleged to be due him for services. Defendant's demurrer to the petition was overruled, and having declined to plead further, judgment was entered granting plaintiff the relief prayed for. The defendant appeals.

The petition discloses the following facts: Plaintiff was employed by the Division Board of Educational Division, No. 8, of Pike County, to teach in sub-district No. 80, for the school term ending June 30, 1911. There were more than one hundred pupil children in said sub-district. G. T. Hawkins was the principal teacher, while plaintiff was employed as assistant. The two taught the school for six months. Their reports signed and certified by them and the trustees were regularly made and filed by the defendant in his office as required by law. These reports show that the school was regularly taught. Plaintiff holds only a qualification certificate of the third class. The funds alleged to be due him for teaching are in the hands of the defendant, who refused to pay him.

The question presented is, does a certificate of qualification of the third class entitle the holder to teach as assistant teacher in a district reporting fifty-five or more pupil children?

Section 4503, Kentucky Statutes, provides in part as follows:

"After July first, one thousand eight hundred and ninety-four, a certificate of the third class shall not entitle the holder to teach in any district reporting fifty-five or more pupil children, nor shall a certificate of the second class entitled the holder to teach in any district reporting seventy-five or more pupil children."

The trial court was of the opinion that the above provision was intended to apply only to the principal teacher and not to the assistant, and based this opinion to some extent on Section 4366, Kentucky Statutes, which is as follows:

"Twenty school days, or days in which teachers are actually employed in the school room, shall constitute a school month in the common schools of the State; but no teacher shall teach on Saturdays. Teachers shall have the benefits of only such legal holidays as they actually observe. Six hours of actual school work in the school room shall constitute a school day; and, under no circumstances, shall the daily session, including recesses and intermissions, exceed nine hours in length. When the attendance exceeds fifty, the teacher may employ, during such attendance, an assistant, whose scholarship and competency shall be acceptable to the trustees. When the school shall require an assistant to serve regularly at a salary, such assistant shall hold a certificate of qualification, and be employed by the trustees."

The court, however, was of the opinion that even if mistaken in concluding that neither of the above sections applied to an assistant teacher, plaintiff was entitled to recover because he was regularly employed by the trustees to teach, and under his contract of employment performed the services for which he seeks compensation.

A careful reading of Section 4503, Kentucky Statutes, will show that the subject there under consideration was the granting and revocation of State and county certificates, and its provisions apply to the holder of the certificate without regard to the capacity in which he

teaches. Thus the provision above quoted does not say, "a certificate of the third class shall not entitle the holder to teach as principal teacher in any district reporting fifty-five or more pupil children," but says "a certificate of the third class shall not entitle the holder to teach," that is to teach at all; and being a limitation on the right to teach, it applies to all who teach, and necessarily includes assistant teachers as well as principal teachers. Nor is there anything in Section 4366, above quoted, that conflicts with this view. Plaintiff was employed by the trustees because the school required an assistant. His case, therefore, falls within the language of the closing part of that Section, which says: "When the school shall require an assistant to serve regularly at a salary, such assistant shall hold a certificate of qualification, and be employed by the trustees." As this section makes it necessary for the assistant teacher to have a certificate of qualification, but does not specify its class, resort must be had to Section 4503, supra, which clearly provides that the holder of a certificate of the third class shall not be entitled to teach in any district reporting fifty-five or more pupil children. We, therefore, conclude that plaintiff was not entitled to teach in the school in question. Therefore he taught when he had no right to teach, and is not entitled to recover compensation, for it is well settled that the performance of the duties of an office by one who holds the office without right, will not estop the State from resisting his claim for compensation. The right of a public officer to the compensation of his office is incident to and dependent upon his right and title to the office. If he is ineligible to hold office, and therefore without title, he is a volunteer and cannot recover for services. (Am. & Eng. Ency. of Law, Vol. 23, page 396; Baxter v. Brooks, 29 Ark. 173; Mayfield v. Moore, 53 Ill. 428, 5 Am. Rep. 52; Nichols v. MacLean, 101 N. Y. 526; State v. Carr, 129 Ind. 44, 28 Am. St. Rep. 163).

It follows that the demurrer to the petition should have been sustained.

Judgment reversed and cause remanded for proceedings consistent with this opinion.