**FLOYD COUNTY BOARD OF EDUCATION, Appellant,**

v.

**Ivonell SLONE, An Infant, By Next Friend, Roy Turner, Appellee.**

Court of Appeals of Kentucky.

Dec. 13, 1957.

Joe Hobson, Prestonsburg, for appellant.

Robert S. Wellman, Prestonsburg, for appellee.

CAMMACK, Judge.

This action was instituted by the appellee, Ivonell Slone, an infant suing in the name of Roy Turner as next friend, against the appellant, Floyd County Board of Education, and also Palmer Hall, Superintendent of Schools and Secretary of the Board of Education of Floyd County, to recover salary claimed to be due her for teaching school in Floyd County in the fall of 1951. In conformity with its findings of fact and conclusions of law the trial court entered a judgment which dismissed the complaint as to Palmer Hall and which ordered recovery from the Board of $535.-14. We are sustaining the Board's motion for an appeal from that judgment and reversing it for reasons hereinafter stated.

Miss Slone was assigned as a teacher in Subdistrict No. 14 in Floyd County by

the County Superintendent on September 3, 1951. At that time she did not have a teaching certificate as required by KRS 161.020, nor was she eligible for such a certificate under KRS 161.040 because she had not reached her 18th birthday. Nevertheless she taught in Subdistrict No. 14 during the 1951–52 school year both before and after she became 18 on November 18, 1951.

On October 2, 1951, Miss Slone was paid $143.03 for the 16 days she taught in September. No further checks were issued to her until January 1, 1952, because of her statutory ineligibility. On January 1, 1952, she received checks for the fifth and sixth months of the school year, and from which had been deducted the $143.03 payment on October 2. Miss Slone was paid in full for the teaching she did after she became 18 and was issued a certificate. We believe the trial court erred in holding that she was entitled to salary for the time taught before she reached 18 years of age.

 Apparently, the trial court's judgment was based on the proposition that, where parties to an illegal contract for services are not in equal fault and the transaction is only *malum prohibitum,* the innocent party may recover for value of the services actually rendered. Rogers v. Samples, 207 Ky. 150, 268 S.W. 799. That appears to be a sound rule in cases of contracts involving individuals. It is not applicable to cases involving payment by public agencies to public officers or employees where the rights of the officers or employees to compensation are incident to and dependent upon their right to office or employment. See Flanary v. Barrett, 146 Ky. 712, 143 S.W. 38, wherein it was said that one who is ineligible for a public office and therefore holds it without title is a volunteer and cannot recover for services. That case involved the claim of a teacher without a certificate making him eligible to teach in the type of school in which he taught.

In the case at hand Miss Slone was ineligible for the office or position of teacher because she held no certificate and she failed to qualify for such a certificate under the provisions of KRS 161.040 during the period for which her salary was withheld. It follows that she taught as a volunteer and was entitled to no compensation during that period.

The judgment is reversed, with directions to set it aside, and for the entry of a judgment consistent with this opinion.