CHARLES A. SCOTT *v.* SCHOOL DISTRICT No. 2 IN FAIRFAX.

*Contract.*    *Gen. Sts., ch.* 22, §110.    *Prudential Committee. School Teacher.*

The plaintiff's minor daughter contracted to teach school in the defendant district for the term of eleven weeks, and commenced and taught one week without a certificate of qualifications. Then she went with the prudential committee and obtained a certificate, and taught another week, with the consent and approbation of the committee, at the expiration of which time, she left the school in consequence of the unjustifiable conduct of the committee. *Held*, that the continuing of the school as aforesaid after she obtained her certificate, was equivalent to making a new contract to commence at that time, upon the same terms as the original contract.

Sec. 110, ch. 22, of the Gen. Sts., which makes it the duty of every teacher, "*at the close of his school,*" to enter in the school register correct answers to all statistical inquiries therein addressed to teachers, means that such entries shall be made at the close of the *term* of school.

If a prudential committee by his own conduct, without the fault of the teacher, prevents the close of the term being reached by the teacher, the fact that the teacher does not make the entries in the school register which the law requires to be made at the close of the school, will not prevent the recovery of wages.

It is the duty of a teacher to maintain proper and necessary discipline in school; and to that end, a teacher may, when necessary, expel a scholar; and if the prudential committee insist upon the return of such scholar to the school, when his presence would be fatal to the maintenance of such discipline, the teacher may lawfully quit the school.

GENERAL ASSUMPSIT. Plea, the general issue, and trial by jury, September term, 1873, ROYCE, J., presiding.

The plaintiff's minor daughter made a contract with the prudential committee of the defendant district, in November, 1870, to teach the then next winter school for the term of twelve weeks; and this action was brought to recover for the entire term. She commenced the school on the 28th of said November, and taught two weeks. At the time she commenced teaching, she had no certificate from the town superintendent of schools, as required by the statute. After she had continued her school one week, she went with the prudential committee to the superintendent, and procured her certificate. After procuring her certificate, she kept school the week following, with the approbation and consent of the prudential committee. At the end of the second week, she had a disagreement with the prudential committee about allowing his boy, whom she had expelled, to return to the school—the committee insisting that the boy should be allowed to return, and she objecting; and the result was, she discontinued the school. There was great conflict in the testimony, both as to the conduct of the boy in school, and the talk between her and the prudential committee respecting his return, and her leaving the school.

When she commenced teaching, she was furnished with the school register; and it appeared that while she taught the school, she kept the register, making therein daily entries, as required by law; but she did not return the register to the clerk of the district, nor make and certify the answers required to be made in the register. It appeared that after she left the school, the district procured another teacher, who finished the unexpired term; that the second teacher procured the register left by the plaintiff's daughter, and continued the entries commenced by her, and at the expiration of the term, made answer to the several questions, completed the register for the term, as it appeared when offered in evidence, and returned it to the clerk of the district; that upon such returns, the district drew its share of the public money; all which was previous to the commencement of this suit.

The defendant insisted that the plaintiff was not entitled to recover; because the plaintiff's daughter had no certificate from

the town superintendent of Fairfax, or other town, as required by law, either when said contract was made, or at the time she commenced said school; because she did not keep, fill out, and return the school register, as required by law; and because, if the jury found that the prudential committee's boy was disobedient, and disregarded the rules and regulations of the school, and the committee insisted upon his going to school, that would not excuse her from performing her contract; and requested the court so to charge.

The court charged as to the second and third requests, that it was the duty and right of the teacher to maintain proper and necessary discipline in the school, and that it was her duty to use the means in her power to maintain such discipline, and compel obedience to her orders, before she would be justified in expelling the scholar; but that, when such means failed, she would be justified in expelling the scholar, and that the committee would have no right to insist upon the return of such scholar to school, as a condition of her completing her contract; and if the committee insisted upon such condition, she was justified in leaving, and that if they should find under the instructions so given, that the teacher was justified in expelling the scholar, the plaintiff was entitled to recover for the time his daughter taught the school after she obtained her certificate.

The charge in other respects was satisfactory. To the refusal to charge as requested, and to the charge as above set forth, the defendant excepted.

*George A. Ballard* and *Wilson & Hall*, for the defendant.

.The failure of the plaintiff's daughter to procure the certificate required by law, before the commencement of the school, rendered her contract to teach null and void, and no recovery can be had for services thereunder. The obtaining of such certificate before the commencement of school, is made by law a condition precedent to any right of recovery for services in teaching such school. Gen. Sts. ch. 22, §§ 11, 59, 60; *Baker* v. *School District*, 12 Vt. 192; *George* v. *School District*, 20 Vt. 495; *Goodrich* v. *School District*, 26 Vt. 115; *Welch* v. *Brown et. als.* 30 Vt. 586; *Holman*

v. *School District*, 34 Vt. 270 ; *Paul* v. *School District*, 28 Vt. 575. The only exception to this rule is in those cases where the teacher has done all in his power, by making seasonable application to the town superintendent for a certificate, and has been delayed by such officer. *Blanchard* v. *School District*, 29 Vt. 133 ; *Wells* v. *School District*, 41 Vt. 353. The fact that after plaintiff's daughter obtained her certificate, she kept the school one week with the consent and approbation of the prudential committee, is immaterial, as the prudential committee had no power to waive the express provisions of the statute in this respect. There was no new contract between her and the committee ; and hence, whatever service she performed was under the contract made previous to the 28th of November, the date of opening her school.

It was her duty at the time she left the school, to have filled out the school register, made answer to the several interrogatories therein propounded, certified to the correctness thereof, and return such register to the district clerk, and obtained from him a certificate that she had performed these duties, before the prudential committee would have been justified in paying her for her services. Literal compliance with the statute in these respects, is pre-requisite to any right of recovery for her services as teacher. Gen. Sts. ch. 22, §110 ; *Bigelow & Hoagland* v. *Stilphens*, 35 Vt. 623 ; *Crosby* v. *School District*, *Wells* v. *School District*, *supra*.

There was error in the refusal of the court to charge as requested in the defendant's third request.

*Farrington & McIntyre* and *R. C. Benton*, for the plaintiff.

The teacher was justified in leaving the school, as the committee insisted upon the performance of a condition which was unreasonable, and which she was under no obligation to perform ; hence the charge of the court in that respect was correct. *Mullen* v. *Gilkinson*, 19 Vt. 503 ; *Patterson* v. *Gage*, 23 Vt. 558 ; *State* v. *Williams*, 27 Vt. 755 ; *Guernsey* v. *Pitkin*, 32 Vt. 224.

The plaintiff is clearly entitled to recover for the week's services of his daughter after she procured her certificate. The case shows that the committee went with her to the town

superintendent, and procured her certificate, and that he then approved of her going on with the school, which she did another week. This was a full and complete ratification of her former contract, and became binding upon the district from that time. And as there was no time fixed when she was to commence said term of school, it was competent for her to commence then. *Paul* v. *School District*, 28 Vt. 575 ; *Blanchard* v. *School District*, 29 Vt. 433 ; *Wells* v. *School District*, 41 Vt. 353.

. The case finds that as long as she staid in the school, she fully performed all that was required of her in respect to the school register. All that the law required of her for the time she was there, was, to keep her daily record. It requires other things to be done at the end of the term. By the wrongful act of defendant's committee, she was prevented from reaching the end of the term. The non-performance of the remainder of her term, unless excused, would have been a bar to her recovery at common law. The same reasons that excused her from teaching the other eleven weeks of her contract term, excused her from performing the other service on the register at the close of the term. The law does not require that the register shall be filled out when the teacher leaves the school, but at the end of the term. The law does not require that the teacher make the return in person. If it is done by another, provided it be done correctly, it is enough. It was so done in this case. But, if it was irregular, by accepting it, and drawing the money upon it, the defendant is estopped from denying its regularity. *Crosfly* v. *School District*, 35 Vt. 623.

The opinion of the court was delivered by

WHEELER, J. I. The continuing of the school by the teacher with the consent and approbation of the prudential committee, after she had obtained a certificate of qualifications, was equivalent to making a new contract to commence then, upon the same terms as the original contract. The fact that she had kept the school one week under an express contract which the law avoided, would not make void this implied contract, although the express contract had to be looked at, to ascertain the terms of the implied contract.

II. It appeared that the teacher did during the time she taught, make the entries in the school register required by law to be made while the school was so going along. Section 110, ch. 22, Gen. Sts., required the teacher to make the other entries " at the close of his school.'' The time when these entries are to be made, has not been changed in any of the changes that have been made in this statute. The close of school there meant, must be the close of the term of school ; for the answers to inquiries required to be entered, relate to the whole term, and could not be answered till the close of it. If the school stopped before the close of the term, through the fault of the teacher, then the plaintiff would not be entitled to recover, whether she made the necessary entries in the register or not; but if the prudential committee, by his own conduct, without her fault, prevented the close of the term being reached by her, so she could make the entries, then the want of them would not prevent the recovery of the wages. This leads to the consideration of the third point made by the defendant, for the determination of that will decide this.

The case states that there was a great conflict in the testimony, both as to the conduct of the boy in school, and the talk between her and the prudential committee respecting his return and her leaving the school, but does not state what the testimony either way was. The point made to the court by the defendant, as to this, assumes that there was testimony from which the jury might find that the boy was disobedient and disregarded the rules of school, and that the committee insisted that she should permit the boy to attend the school notwithstanding this. If these things were so, then she would have to either leave the school, or endure the disobedience and misconduct of the boy while teaching it. Assuming the evidence to have been according to this assumption by the defendant, there was evidence to warrant the charge of the court, if the charge was correct in law. The teacher could not perform the duties of her employment without maintaining proper and necesssary discipline in the school, and when all her other means for doing so failed in respect to the boy, it was her right, and might be her duty, to expel him, to save the rest of the school from being injured by his presence. It was not the duty of the

teacher, under the contract, to teach the school without maintaining proper and necessary discipline in it; and if the committee insisted that she should have the boy there, when she could not have him there and have the discipline too, it was equivalent to insisting that she should teach the school without the discipline; which she was not bound to do. The charge was in accordance with these views, and was correct. Under it the jury found that the teacher was justified in expelling the boy, to maintain proper and necessary discipline, and that the committee insisted that the boy should return if she completed the contract. Upon this finding, she failed to reach the close of the term of the school through the conduct of the committee, and not through the fault of herself.

Judgment affirmed.