GOOSE RIVER BANK, Plaintiff and Appellant, *v.* WILLOW LAKE SCHOOL TOWNSHIP of Steele county, Defendant and Respondent.

**1. Teacher's Certificate; Warrant Issued to Teacher Having No Certificate Void.**

Every contract relating to the employment of a teacher who does not hold a lawful certificate of qualification is void by the express terms of the statute, and every warrant issued in payment of services of such teacher is without consideration and void.

**2. School Warrants Not Negotiable.**

School township warrants are not negotiable instruments, in the sense that their negotiation will cut off defenses to them existing against them in the hands of the payee.

**3. Same; Township Not Estopped by Representations of Its Officers.**

The officers of a school township cannot estop the township by a representation, express or implied, that the facts to authorize the issue of a lawful warrant exist.

**4. Prohibited Contract; Retention of Fruits of, Does Not Render Municipality Liable.**

Where a contract is expressly prohibited or declared void by statute, retention of the fruits of such contract will not subject a municipality to liability under the contract or on a *quantum meruit.*

**5. Same; Teacher Making Such Contract Has No Standing in Court.**

A person who assists a public officer in depriving the public of the benefits of a statutory protection designed to guard the people against unfit and incompetent teachers has no standing in court, and his assignee will receive no greater consideration.

(Opinion Filed April 1, 1890.]

*A*PPEAL from district court, Steele county; Hon. RODERICK ROSE, Judge.

This was an an action on three warrants issued by defendant in payment of wages of a teacher. The defense was that the teacher held no certificate, and that therefore the warrants were void.

A. B. Levisee, Esq., for the appellant, argued: That defendant is estopped to make the defense which it pleads, the plain-

tiff being a *bona fide* purchaser for value; citing Comrs. v. January, 94 U. S. 202; Kenicott v. Supervisors, 16 Wall. 452; and other cases.

Messrs. E. J. & J. P. McMahon and J. E. Robinson, for respondent, maintained that the warrants not being negotiable, the doctrine of estoppel does not apply; citing School Dist. v. Stough. 4 Neb. 357; 13 Gray, 318; and 56 Me. 315.

CORLISS, C. J. The judgment in favor of the defendant must be affirmed. The action was upon three school township warrants, issued by the officers of the defendant. These warrants are void. They were issued to pay for the services of a teacher who held no lawful certificate of qualification. No such person can be employed to teach. The statute so declares, and any contract made in violation of this provision is void by the express terms of the same act. § 1723, Comp. Laws. There was therefore no consideration for these warrants. The teacher had no claim against the defendant, because the statute declares she should not be employed to teach, and every act in violation of this provision was a nullity, so far as the liability of the defendant is concerned. The plaintiff cannot claim protection as an innocent purchaser for value. That such instruments are not negotiable in the sense that their negotiation will cut off defenses is the voice of all the decisions. Wall v. Monroe Co., 103 U. S. 74; Mayor v. Ray, 19 Wall. 468; 1 Dill. Mun. Corp. (3d Ed.) § 503; Miner v. Vedder, (Mich.) 33 N. W. Rep. 47. The purchaser buys at his peril. Nor is the doctrine of estoppel applicable. Could town officers in this manner estop a municipal corporation, void acts—acts void because expressly forbidden by the sovereign—would have validity, and the will of the legislature would be nullified by the conduct or statement of mere municipal agents. The cases cited on this point have no bearing on this question. No decision can be found holding that a void warrant receives life from the false statement of such an agent, under the circumstances existing in this case. Unless we were willing to leave such corporations to the mercy of dishonest agents, we would not follow such a case could one be found. If an agent can estop the township by a false statement that the teacher has received the certificate, he can estop it also by a

false statement that the person to whom the warrant was issued has rendered services in teaching, when in fact such person has not rendered any services at all. The question was directly presented in Mayor v. Ray, 19 Wall. 468. In view of the earnestness with which this claim of estoppel was urged, we will quote briefly from this opinion, as accurately expressing our views. Speaking of a similar evidence of indebtedness, the court say: "But every holder of a city order or certificate knows that, to be valid or genuine at all, it must have been issued as a voucher for city indebtedness. It could not be lawfully issued for any other purpose. He must take it, therefore, subject to the risk that it has been lawfully and properly issued. His claim to be a *bona fide* holder will always be subject to this qualification. The face of the paper itself is notice to him that its validity depends upon the regularity of its issue. The officers of the city have no authority to issue it for any illegal or improper purpose, and their acts cannot create an estoppel against the city itself, its tax-payers, or people." To same effect Wall v. Monroe Co., 103 U. S. 74; Bank v. School Dist., 42 N. W. Rep. 767; 1 Dill. Mun. Corp. (3d Ed.) § 504.

There is no force in the position that the defendant, having received the benefit of the teacher's services, is liable. Such a doctrine would defeat the policy of the law, which is to give the people of the state the benefit of trained and competent teachers. The law recognizes only one evidence that that policy has been regarded—the certificate of qualification. If the defendant could be made liable by the mere receipt of the benefit of the services rendered, the law prohibiting the employment of teachers without certificates, and declaring void all contracts made in contravention of that provision, would be, in effect, repealed, and the protection of the people against incompetent and unfit teachers, which such statute was enacted to accomplish, would be destroyed. Where a contract is void because of the express declaration of a statute, or because prohibited in terms, the retention by a municipality of the fruits of such a contract will not subject it to liability, either under the contract or upon a *quantum meruit.* Dickinson v. City of Poughkeepsie, 75 N. Y. 65; McBrien v. City of Grand Rapids, 22 N. W. Rep.

206; Thomas v. Richmond, 12 Wall. 349; Argenti v. San Francisco, 16 Cal. 255; City of Litchfield v. Ballou, 114 U. S. 190, 5 Sup. Ct. Rep. 820.   See, also, Tube Works Co. v. City of Chamberlain, 37 N. W. Rep. 762; S. C. 5 Dak. 54   This is particularly true in a case like the one at bar, where no person can teach without the certificate, without being actually or legally in collusion with local officers to defeat a wise and salutary statute enacted as a barrier against the employment of unqualified teachers. The person who teaches without the certificate has violated the letter and the spirit of the law.   The wrong done is without remedy.   The people who have thus had this barrier torn from about them have no redress.   Shall the wrong-doer be compensated for aiding the school township officers in breaking down this barrier, thus depriving the people of the protection of this important law?   In this connection the language of the court in Thomas v. Richmond, 12 Wall. 349, is very applicable:  "The issuing of bills as a currency by such a corporation, without authority, is not only contrary to positive law, but, being *ultra vires*, is an abuse of the public franchises which have been conferred upon it, and the receiver of the bill, being chargeable with notice of the wrong, is *in pari delicto* with the officers, and should have no remedy, even for money had and received, against the corporation upon which he has aided in inflicting the wrong.   The protection of public corporations from such unauthorized acts of their officers and agents is a matter of public policy, in which the whole community is concerned, and those who aid in such transactions must do so at their peril." In City of Litchfield v. Ballou, 114 U. S. 190, 5 Sup. Ct. Rep. 820, the same court said:  "The money received on the bonds having been expended with other funds raised by taxation in erecting the water works of the city, to impose the amount thereof as a lien upon these public works would be equally a violation of the constitutional prohibition as to raise against the city an implied *assumpsit* for money had and received.   The holders of the bonds and agents of the city are *participes criminis* in the act of violating that prohibition, and equity will no more raise a resulting trust in favor of the bondholders than the law will raise an implied *assumpsit* against a public policy so

strongly declared." The judgment of the district court is affirmed. All concur.

REPORTER: See also Farmers & M.'s Bank v. School Dist., 6 Dak. 255; McGuire v. City, id. ib. 346.