27 P. 15 
1 Colo.App. 40
 HOTZ v. SCHOOL-DIST. NO. 9, HUERFANO COUNTY. 
Court of Appeals of Colorado
June 30, 1891

 
 Error
 to district court, Huerfano county.
 
 
 Homer
 A. Cole, for plaintiff in error.
 
 
 D.
 McCaskill, for defendant in error.
 
 
 BISSELL,
 J.
 
 
 This
 action was brought by Mary E. Hotz [1 Colo.App. 41] against a
 school-district of Huerfano county, to recover a sum which
 she alleged to be due her under a contract of employment
 entered into by the board of directors of the
 school-district. It was satisfactorily shown that in August
 of 1886 the board met and decided to employ her as a teacher
 for the school year next ensuing. The secretary notified the
 teacher of what had been done, and she accepted the terms
 offered. On the 5th of September following Miss Hotz went to
 La Veta, where the school was situate, saw the members of the
 board, and arranged with them for the commencement of her
 school on the following day, and for the procurement of a
 temporary certificate to entitle her to teach in Huerfano
 county until the time of the regular examination of teachers
 in November. At this time it was stated by Miss Hotz, and
 understood by the board, that she did not possess a
 certificate of the county superintendent of Huerfano county
 entitling her to teach in that locality, and that it would be
 necessary for her to procure a temporary authority to act
 till the November examination. This temporary certificate was
 procured, and, on the 6th of September, Miss Hotz commenced
 her school under this authority, with the knowledge and
 concurrence of the directors of the school-district, and
 continued to teach under those circumstances for the ensuing
 five months. In November she procured her regular
 certificate. At the expiration of five months the board of
 directors discharged her from the employment, and, as the
 record shows, notwithstanding diligent efforts on her part to
 procure another engagement, she remained unemployed during
 the balance of the year. This suit was brought to recover the
 stipulated wages as damages for the breach of the contract.
 Several defenses were interposed, but no proof was offered in
 support of them; but, upon motion for a nonsuit, the
 complaint was dismissed, because it appeared from the
 testimony that at the time of the offer of hiring by the
 board, and its acceptance by the teacher, she possessed no
 certificate from the proper authorities of Huerfano county
 entitling her to teach there. Upon the case made this is the
 only practical question before the [1 Colo.App. 42] court for
 consideration. Section 3055 of the General Statutes
 [27 P. 16.] 
 inhibits the district board from employing any teacher who
 shall not possess a license to teach, issued by the proper
 authority, which shall be in force at the date of employment;
 and the statute contains the further provision: "And any
 teacher who shall commence teaching in any such school,
 without such license, shall forfeit all claims to
 compensation out of the school fund for the term so teaching
 without such license." It is thus evident that the
 rightfulness of the action of the court below in dismissing
 the case depends upon the construction to be given to this
 particular section. The statute is undoubtedly intended to be
 operative both as to the board and as to the teacher. The
 results of a departure from its provisions are widely
 different in the two cases. While it is enacted that the
 district board shall not employ a teacher who, at the date of
 the employment, is without the evidence of authority to
 teach, issued by one of the persons authorized to execute a
 certificate, no penalty is provided for a breach of the
 statute by the board itself. It is wholly unnecessary to
 determine what the consequences to the board would be in the
 event of its violation by them. This case only concerns the
 matter of the violation by the teacher, and as to the teacher
 a specific penalty is provided. Under these circumstances,
 the only legitimate construction of the statute must be that
 the penalty is only enforceable, and can only be held to
 attach in the case mentioned, and that is in the case where
 the teacher shall commence to teach not having obtained a
 certificate. Where, as here, the statute contains two
 provisions,--one of which is a prohibition to the board, and
 the other of which is a penalty enforceable against the
 teacher under certain circumstances,--the true construction
 must be that only in the event of a violation of the
 provision containing the penalty can it be held that the
 teacher is without a right of action. The evident intention
 of the legislature was to prevent the employment of teachers
 who did not possess the evidence of qualification prescribed
 by the statute. The prohibition to [1 Colo.App. 43] the board
 was simply intended to impose upon the officers of the
 school-district the duty of seeing to it that the teacher
 whom they hired should possess the requisite qualifications.
 It is true that at the time the board met for the purposes of
 employing the teacher, and when they wrote their letter
 containing the offer of employment, as well as at the date of
 the letter of acceptance, the teacher did not have the
 statutory evidence of her qualifications which entitled her
 to teach in Huerfano county. This, however, should not
 deprive her of the right of action, or entitle the board to
 break the contract into which they subsequently entered,
 unless they be able to assign some sufficient legal excuse
 for the breach. The circumstances and the facts of the case
 are such that it may very properly be held that the
 employment of Miss Hotz should be deemed completed as of the
 date when the services were commenced, since she was
 qualified, when she entered upon the discharge of her duties,
 with the knowledge and concurrence of the board, which
 possessed full authority for employment. School-Dist. v.
 Dilman, 22 Ohio St. 194.
 
 
 Should
 it be contended that the board entered into a contract in
 August which was void under the statute and unenforceable by
 the teacher, it may well be held that a valid implied
 contract arose, as between the board and Miss Hotz, when, as
 a duly-qualified teacher, she entered upon the discharge of
 her duties on the 6th of September, and continued therein for
 the ensuing five months. If it be said that it is impossible
 to ascertain what the terms of this implied contract are, it
 is replied that the express contract may be looked at to
 ascertain the terms of the implied one, which the teacher
 performed until she was discharged. The commencement of the
 school by the teacher, with the knowledge and consent of the
 board, after she had received a certificate of qualification
 was equivalent to the making of a new contract upon the terms
 of the one into which they attempted to enter at their
 meeting held in August. Scott v. School-Dist., 46 Vt. 452. [1
 Colo.App. 44] This construction and these reasons are well
 supported by a consideration of the purposes which the
 legislature evidently had in view, and of the circumstances
 which necessarily exist in this state in its various
 school-districts. If it happened that the teacher did not
 possess a certificate issued by the state authority, the
 certificate must be issued by the superintendent of the
 county where the school is to be taught. Few of the teachers
 to be employed are residents of the county wherein they
 teach. The time fixed for the public examinations of teachers
 are not concurrent with the commencement of the school.
 Negotiations must be entered into, as between the board and
 the teacher, antecedent to the time of their arrival in the
 county in which they are to discharge their duties. The
 mischief to be guarded against is the teaching of a school by
 a teacher who does not possess the necessary qualification. A
 construction of the statute which guards the difficulty
 sought to be provided against protects both the teacher and
 the district. There are cases containing similar statutes
 which hold a contrary doctrine; but the views here expressed,
 which are well supported by the two cases cited, seem more in
 accord with the evident purposes of the statute, and to
 afford more equal protection to the rights of all parties
 concerned. It is quite possible that, upon a subsequent trial
 of this case, the board may be able, under the defenses which
 they interposed, to show a sufficient legal excuse for the
 action which they took. If they desire to escape the
 consequences of their act in discharging the teacher before
 the expiration of the school year, they assume the burden of
 proving a sufficient excuse. The judgment must be reversed.