(59 N. W. Rep. 1029.)

---

BENJAMIN W. HOSMER *vs.* SHELDON SCHOOL DISTRICT No. 2.

Opinion filed July 23rd, 1894.

**School District—Teachers Certificate—Void Employment.**

> A contract duly executed between the proper officers of a school district and another person, by the terms of which said person is employed as a teacher in a public school in said district, is void where such person, at the time of making the contract, holds no certificate of authority to teach in the county where the district is located.

**Certificate Will Not Relate Back.**

> The subsequent procurement of such certificate will not enable such person to recover against the district damages for the breach of such contract.

Appeal from District Court, Ransom County; *Lauder*, J.

Action by Benjamin W. Hosmer against Sheldon School

District No. 2 of Ransom County. Judgment for plaintiff, and defendant appeals.

Reversed.

*Ed. Pierce*, (*R. J. Mitchell* and *Edward Engerud* of counsel,) for appellant.

The contract sued ·upon is void because respondent was not at the time it was made the holder of a certificate of qualification to teach. Chapter 62, Laws 1890, Ch. 56, Laws 1891. *Goose River Bank* v. *Willow Lake School Dist.* 1 N. D. 26; *Butler* v. *Haines*, 79 Ind. 579; *School Dist.* v. *Jennings*, 10 Ill. App. 643; *Jenness* v. *School Dist.* 12 Minn. 448; *Botkin* v. *Osborne*, 39 Ill. 101; *Jackson* v. *Hampden*, 20 Me. 37.

*P. H. Rourke*, for respondent.

Where the law deals with the hiring of the teacher it uses these words "No person shall be employed or permitted to teach." These words have reference solely to the time when the teacher enters upon the duties of teaching. *School Dist.* v. *Delman*, 22 Ohio, 124; *Holtz* v. *School Dist.* 27, Pac. Rep. 15; *Scott* v. *School Dist.* 46 Vt. 452; *Smith* v. *School Dist.* 37 N. W. Rep. 567.

BARTHOLOMEW, C. J. On August 7, 1891, Sheldon school district No. 2, the appellant herein, being at that time a duly organized school district in Ransom County, in this state, by its proper officers, and by written contract in due and legal form, hired Benjamin W. Hosmer, the respondent herein, to teach one of its schools for the period of 10 months, commencing September 1, 1891, for $60 per month, payable at the end of each month. At the time specified, respondent commenced teaching. On November 21st following he was discharged, for some reason that does not appear of record. After the full term of his employment had passed, he brought this action to recover the wages for the time during which he was not permitted to teach. At the trial below, appellant moved for judgment in its favor on the pleadings. The motion was denied, and, after a hearing on the merits

had before the court, respondent had judgment for amount of his claim, less certain sums which he had earned at other employment during the time. From this judgment the appeal is taken, and the only errors assigned relate to the denial of the motion for judgment on the pleadings. The basis for this contention is found in the following statement, which appears in the complaint: "That on the 7th day of August, 1891, at Ransom Co., in the state aforesaid, the plaintiff and defendant entered into a mutual written agreement that the plaintiff should serve the defendant as a school teacher in the public schools at the village of Sheldon, in said school district No. 2, in the County of Ransom, and state aforesaid, and that the plaintiff should and did employ the defendant as such for the term of 10 months from and after the first day of September, 1891, and pay him for such services $60.00 per month. The particulars of such written agreement more fully appear by the duplicate original contract, hereto annexed, marked 'Exhit A,' and made a part of this complaint. That on the first day of September, 1891, the plaintiff entered upon the service of the said defendant, under said agreement, and has ever since been, and was, during the entire life and continuance of said contract, ready and willing to continue such services. That the plaintiff was legally qualified to teach said school, having, at the time he entered into the employment of the defendant, a certificate of qualification, duly issued by the superintendent of schools of Barnes Co., N. D., on the 21st day of July, 1890, for the term of three years from and after said date. That the same was duly indorsed by the superintendent of Ransom Co., N. D., on the 29th day of August, 1891, and the formal entry thereof made on said certificate on the 4th day of September, 1891. That on or about the 21st day of November, 1891, the defendant wrongfully discharged the plaintiff, and refused to permit him to serve as aforesaid, though the plaintiff then and there offered to continue said services, and perform said agreement on his part, to the damage of the plaintiff in the sum of four hundred twenty dollars ($420.")

Section 75, Ch. 62, Laws 1890, as amended by § 15, Ch. 56, Laws 1891, reads as follows: "It [the school board] shall employ the teachers of the schools of the district, and may dismiss any teacher at any time for plain violation of contract, gross immorality or flagrant neglect of duty; provided, that no person shall be employed as teacher or permitted to teach in any public school who is not when so employed or permitted to teach the holder of a teacher's certificate valid in the county or district in which such school is situated; provided, further, that every contract for the employment of a teacher must be in writing, and such contract must be executed before such teacher begins to teach in such school. It shall grade the salaries of teachers for the district in accordance with the grades of certificates; and no teacher holding a certificate of a lower grade shall be paid a salary equal to or in excess of that paid to a teacher of higher grade in the same district."

Section 122, Ch. 62, Laws 1890, as amended by § 24, Ch. 56, Laws 1891, reads as follows: "No certificate or permission to teach shall be issued to any person under eighteen years of age; and no first grade certificate shall be issued to any person who is under twenty years of age, and who has not taught successfully twelve school months; and a third grade certificate shall not be issued more than twice to the same person. The certificates issued by a county superintendent shall be valid only in the county where issued; provided, that a first grade certificate may be renewed once without examination at the discretion of the county superintendent, upon payment of the proper fee for the institute fund, as provided in the case of examination; provided, further, that a first grade certificate shall be valid in any other county in the state when endorsed by the county superintendant of such county. No person shall be employed or permitted to teach in any of the public schools of the state, except those in cities organized for school purposes under special laws, who is not the holder of a lawful certificate of qualification or permit to teach. Any contract made in violation of this section shall be void."

It appears from the complaint that on August 7, 1891, when the written contract between respondent and appellant was entered into, respondent held a first grade certificate issued by the superintendent of Barnes County. This certificate would be valid in Ransom County when indorsed by the superintendent of schools for such county. Such indorsement was not made until September 4, 1891. The allegation is that it was made August 29, 1891, and the formal entry made on September 4th. But it was the formal entry that constituted the indorsement, and what preceded that was but a promise to indorse. Hence, neither at the time of entering into the contract, nor at the time of commencing to teach, did respondent hold a certificate valid in Ransom County. For that reason, appellant contends that the contract of employment dated August 7, 1891, was void, under said § 122, and that no action can be maintained thereon or for breach thereof. If the original contract was void when made, it could not be ratified. After the removal of the inhibition, a new and valid contract might be made relative to the same subject matter, but the void contract remains, and ever must remain, a nullity. Where the invalidity of the contract arises, as in this case, if this contract be invalid, from a prohibition, and not from any vice adhereing to to the subject matter of the contract, courts are inclined to be liberal in construing distinct acts in part performance of the contract, after the prohibition has been removed, as raising a new implied contract. See *Hotz* v. *School District,* (Colo. App.) 27 Pac. 15 and *Scott* v. *School District,* 46 Vt. 452. But there is no direct allegation in the complaint that respondent taught a day after he had his certificate indorsed, or that the appellant in any manner acted upon or recognized the void contract. There may be an inference in that direction, but it falls far short of an allegation that can support a recovery. The action is for breach of contract in not permitting respondent to teach. Hence he pleads the written contract, and relies exclusively thereon. Nor must we be understood as holding that recovery could be had on an implied contract for services actually

rendered, or offered to be rendered, after the proper certificate was received, when the original contract was void.    See remarks of CORLISS, C. J., on this point, in *Goose River Bank* v. *Willow Lake School Tp.*, 1 N. D. 26, 44 N. W. 1002, and authorities then cited.

In the case just cited, the court said, in speaking of certain school warrants then involved:    "They were issued to pay for services of a teacher who held no lawful certificate of qualification.    No such person can be employed to teach.    The statute so declares, and any contract made in violation of this provision is void by the express terms of the same act."    This language was based upon the wording of the statute, and the authorities were not specially noticed, as the point was secondary in that case, and not seriously controverted.    Since, in that case, the teacher had no certificate at the time of making the contract, or at the time of rendering the services, it may be, as counsel now suggests, that it was not absolutely necessary to make the statement as broad as it is in that case.    But, upon further consideration of the statute, and a study of the decisions under similar statutes, we adhere to our former language to its full extent.    We hold that any contract of employment as teacher in our public schools, saving the exceptions contained in the statute, where the person hired does not, at the time of making such contract, hold a certificate authorizing him to teach in the county where the school is located, is void.    And being void, it cannot be ratified, nor can it receive vitality from the happening of a subsequent event.    It "is so nugatory and ineffectual that nothing can cure it."    Black, Law Dict.

The learned counsel for respondent is correct in stating that the evil against which the statute was directed consisted in having the public schools taught by unqualified persons.    And there are cases supporting the contention that when the teacher held the proper certificate at the time the services were rendered, or offered to be rendered, the statute was sufficiently met; and the teacher entitled to recover under the contract.    *Hotz* v. *School*

*District, supra,* is of that class. A recovery of damages for breach of the contract was allowed there, in a case very similar to this. But the difference in the statutes clearly distinguishes the cases. The Colorado statute prohibited the school district officers from employing a teacher who did not hold a proper certificate. There was no penalty fixed for the violation of the provision on the part of the officers, nor was the contract declared void. It was provided that the teacher should be entitled to no compensation during the time that he held no certificate, thus clearly implying that, for services rendered after he received the proper certificate, he would be entitled to compensation. But even then the court was not content with relying upon the statute, and also placed the case upon an implied contract. In *School District* v. *Dilman,* 22 Ohio St. 194, the court held that a statutory provision that "no person shall be employed as a teacher," etc., "unless he shall have first obtained a certificate," etc., meant, in effect, that no person should be engaged in teaching until he had obtained a certificate, and that a contract entered into before the party had obtained a certificate was valid, provided the certificate was obtained before the party engaged in the discharge of his duties as teacher. But it is entirely clear that our statute will not bear this construction. Engaging in the performance of the duties of a teacher neither constitutes nor consummates a contract. The only contract connected with the subject is the written agreement by which the proper school officers employ or hire the teacher. It is that contract, and no other, that the statute declares void under the circumstances stated. And this statute was proper and necessary, in order to prevent the employment of unqualified persons as teachers. If a completed contract is valid when made, it is difficult to understand how performance thereunder is to be prevented without incurring liability. If a completed contract is valid when made, it is not easy to perceive how it can become void, and the conditions remain unchanged. Statutes similar to ours, although perhaps none of them quite so strong, have been construed in accordance with our views in the following cases:

*Butler* v. *Haines*, 79 Ind. 575; *Jenness* v. *School District*, 12 Minn. 448 (Gil. 337;) *Ryan* v. *School District*, 27 Minn. 433, 8 N. W. 146; *Botkins* v. *Osborne*, 39 Ill. 101. The case from Indiana expressly holds that the subsequent procurement of a certificate, and continuing to teach thereafter, did not entitle the party to recover. The case in 12 Minn. is very strong. The contract was made on the 22d day of the month, the school to commence on the 24th of the same month. The applicant had no certificate when the contract was made, but received his certificate on the 24th, and actually taught the entire term. It was held that he could not recover. There is no legal hardship in these cases. An unqualified person cannot enter into a contract to teach in our public schools without being a party to the violation of a mandatory statute, the terms of which he is conclusively presumed to know.

The respondent in this case cannot recover upon his complaint. The judgment of the lower court is reversed, and that court is directed to sustain appellant's motion for judgment on the pleadings.

Reversed. All concur.