SCHAFER v. JOHNS et al., School Board.

(42 L.R.A. (N.S.) 411, 137 N. W. 481.)

**Schools and school districts — teachers — contract — statutory provision.**

Under the school laws of this state, as revised and re-enacted in chapter 266,

Note.—The authorities on the effect of a contract by a teacher without license or certificate of qualification are collated in a note to the above case as reported in 42 L.R.A. (N.S.) 412.

23 N. D.—38.

Laws 1911, a contract otherwise duly entered into between a school board and a teacher is not void or voidable merely because, at the date of such contract, the teacher did not hold a certificate or permit qualifying him to teach. The case of Hosmer v. Sheldon School Dist. 4 N. D. 197, 25 L.R.A. 383, 50 Am. St. Rep. 639, 59 N. W. 1035, is differentiated on the ground of a change in the statute.

Opinion filed September 23, 1912.

Appeal by plaintiff from an order of the District Court for McHenry County *K. E. Leighton,* Special Judge, quashing a writ of certiorari to review proceedings of the defendant school board with reference to the hiring of teachers.

Reversed.

*Palda, Aaker, & Greene,* of Minot, for appellant.

*Geo. A. McGee* and *John E. Martin,* of Minot, for respondents.

Fisk, J.   This is an appeal from an order of the district court of McHenry county quashing a writ of certiorari issued by such court to review the proceedings of the defendant school board with reference to the hiring of teachers.   For the purposes of this appeal the facts stated in the petition for the writ must be taken as true, the defendants' motion to quash which was granted being in the nature of a demurrer admitting the facts alleged, and merely challenging their legal sufficiency to authorize the issuance of such writ.   The petition, omitting formal parts, is as follows:

State of North Dakota⎰
   County of Ward   ⎱ ss. :

A. L. Schafer, being first duly sworn, says that he is the plaintiff named in the above entitled action; that he is of the age of twenty-nine years; that he is a regular graduate of the Dakota Wesleyan University of Mitchell, South Dakota, and during all the times hereinafter men-

As to the right of school teachers to pay during absence, see note in 38 L.R.A. (N.S.) 513.

For cases on the right of teachers to salary during temporary interruption of school in term time for causes other than their own act or omission, see note in 50 L.R.A. 371.

On the question of the interference by courts with revocation of school teacher's license, see note in 15 L.R.A.(N.S.) 1147.

tioned was the possessor of a certificate or diploma of graduation from said institution. That heretofore and on the 14th day of May, A. D. 1912, the school board of said South Bend school district No. 1 of the county of McHenry in the state of North Dakota, at a regular meeting of said board, was presented with this affiant's application for the position of superintendent of the schools of said school district for the then ensuing year. That at such meeting said application was considered by the school board of said district, and upon resolution duly carried this affiant was elected as such superintendent of schools for the ensuing year at a salary of $1,600 for said period. That due and sufficient record of said proceeding were made and kept by the school board of said district. That thereafter and on the 20th day of May, A. D. 1912, the said school board, pursuant to its action hereinbefore set forth, made and entered into a contract in writing with this affiant in duplicate, one copy of which was delivered to this affiant and one copy was filed with the clerk of said school board. That said contract so made and entered into between the plaintiff and the said school board was in the words and figures following, to wit:

## Teachers' Contract (Original).

State of North Dakota ⎫
County of McHenry ⎪
⎬ ss.:
South Bend School ⎪
District No. 1 ⎭

This agreement, made and entered into this 20th day of May, A. D. 1912, between A. L. Schafer, a duly qualified teacher, of McHenry county, state of North Dakota, and the school board of South Bend school district No. 1, county of McHenry, state of North Dakota.

Witnesseth: That the said A. L. Schafer is to teach school No. 1 in said school district for a term of twelve months, beginning on the 1st day of August, A. D. 1912, for which services truly rendered the school board of said school district agrees to pay the said A. L. Schafer at the expiration of each month of service, the sum of one hundred thirty-three and 33/100 dollars.

Provided, That the salary of the last month in the term shall not be paid until the term report shall be made, filed with, and be approved

by the county superintendent of schools, as provided by § 381, Revised Codes 1905.

Provided further, That the school may be discontinued at any time as provided by § 832, Revised Codes 1905, and that no compensation shall be received by said teacher from the date of such discontinuance.

A. L. Schafer, Teacher,
Scintilla S. Ritchie, President,
A. E. Welo, Clerk.

That at the time of making such contract and of the proceedings prior thereto, this affiant was entitled to receive from the state board of examiners a first-grade professional certificate as a teacher in the public schools of the state of North Dakota, upon presentation of his certificate and diploma from the said Dakota Wesleyan University of Mitchell, South Dakota, all of which facts were well known to the school board of said school district at the time of its said meeting on May 14, 1912, and at the time of the execution of the contract hereinbefore set forth.

That in and by the terms of said contract the term of employment of this affiant as such teacher and superintendent of said school district began on the 1st day of August, 1912. That prior thereto this affiant duly presented to the board of examiners of the state of North Dakota his said certificate and diploma from said Dakota Wesleyan University of Mitchell, South Dakota, and thereupon there was duly and legally issued to him by the board of examiners, provided for by the laws of this state in relation to schools and school officer, a professional first-grade certificate, which qualified this affiant to teach in all the common and graded and high schools of the state of North Dakota for the period of two years, such certificate bearing the 26th day of July, A. D. 1912; and that thereafter and on the 30th day of July, 1912, and prior to the commencement of this affiant's term of service as teacher and superintendent of said school district, the said first-grade professional certificate so issued to and held by him was duly recorded by the county superintendent of schools of the county of McHenry and state of North Dakota; and that thereupon this affiant became fully qualified and authorized to enter upon the employment set forth in said contract, and has ever since been and now is so qualified and entitled to perform the duties incident to such employment, and to receive from said school district the compensation provided therefor by the terms of said contract.

That subsequent to the making and execution of the contract of such employment, the defendants herein as such school board at a meeting of such board held in said school district on July 13, 1912, made and adopted a certain preamble and resolutions, which were then and there entered upon and recorded in the records of said school district, and which preamble and resolutions are in the words and figures following, to wit:

"Whereas, The board of directors of South Bend school district No. 1, of Velva, McHenry county, North Dakota, at a regular meeting held on the 14th day of May, 1912, elected A. L. Schafer as superintendent of schools of said district for the ensuing year, and, in conformity with said action of the school board, a contract was made between said school board and A. L. Schafer, employing him as superintendent of schools of said district, services to begin August 1, 1912, and

"Whereas, It has become the knowledge of said board of directors that said A. L. Schafer has no legal qualifications to teach in the public schools of the state of North Dakota, he is therefore incompetent to contract with said board of directors to teach, and by reason therefore said action of the board becomes illegal.

"Be it therefore resolved, that the said contract made between said board of directors and A. L. Schafer be hereby declared null and void and that said contract be canceled.

"Be it further resolved, that the position of superintendent of schools of said district be declared vacant, and that said board of directors proceed to elect a lawfully qualified teacher to fill the position made vacant by this resolution."

That thereupon at that said meeting the said defendants, as such school board, voted to and did enter an order declaring the contract of this affiant hereinbefore set forth to be void on account of his not having as yet qualified in the state of North Dakota, and that the position of superintendent of said schools was made vacant thereby. That thereupon said defendant, as such school board, proceeded and did, in form, elect and employ one O. J. Lokken as superintendent of schools of said school district for the ensuing year.

That this affiant is informed and believes that the said defendants as such school board, and pretending to act for and on behalf of said school district, signed and executed an instrument purporting to be a

contract with the said O. J. Lokken as said superintendent of the schools of said district. That this affiant had not, at the time of the action of said defendants as such school board in attempting to cancel and rescind his said contract, been guilty of any violation of his contract, gross immorality, or flagrant or other neglect of duty, and this affiant avers and is so advised that the action of said defendants, in so attempting to cancel and annul said contract and dismiss this affiant from the employ of said district, was illegal in all respects and wholly beyond the power and authority of said defendants as such school board. And that the action of said school board in attempting to employ and to contract with the said O. J. Lokken as superintendent of the schools of said district was also wholly illegal and void, as will appear on the face of said proceedings. That the said defendants as such school board have refused and still refuse to recognize this affiant as the employee as such superintendent and teacher in said school district, and to permit him to assume and perform the duties which were imposed upon him by his said contract with said school district. And by reason of the matters and things aforesaid, this affiant has been greatly injured by being so refused the right to perform his said contract, and otherwise.

That the public schools within said school district will begin their sessions on or about the 9th day of September, A. D. 1912, and that in the interval between the date of this petition and the commencement of the sessions of said school there is a large amount of necessary preliminary work to be performed by this affiant as such superintendent and teacher, and that unless affiant be permitted to enter upon such duties, and unless the said board be restrained and enjoined from suffering the said O. J. Lokken to enter upon the performance of said duties, this affiant will be greatly delayed and annoyed in the conducting of the schools of said district in the manner in which they should be conducted.

A. L. Schafer.

Subscribed and sworn to before me this 10th day of August, A. D. 1912.

(Seal)                          John E. Greene,
                                   Notary Public, Ward Co.,
                                        N. Dak.

No question is raised as to certiorari being a proper remedy under the facts, the respondents' contention being that because on May 20th, the date the contract of hiring was entered into between plaintiff and the school board, the former was not the holder of a lawful certificate of qualification or permit to teach in the public schools of the state, said contract is and at all times has been void and of no force or effect. Concededly, the whole controversy grows out of a disagreement regarding the proper construction to be given to certain provisions of our school law hereafter noticed. Respondents' counsel rely upon the decision of this court in Hosmer v. Sheldon School Dist. 4 N. D. 197, 25 L.R.A. 383, 50 Am. St. Rep. 639, 59 N. W. 1035, and the trial judge no doubt considered that case controlling. It was there held that a contract to teach school is void if, at the time such contract was entered into, the teacher did not hold a certificate entitling him to teach. Such decision was, however, based upon the provisions of two sections of the old school law which, in express language, among other things, provided:

"No person shall be employed or permitted to teach in any of the public schools of the state, except those in cities organized for school purposes under special laws, who is not the holder of a lawful certificate of qualification or permit to teach. *Any contract made in violation of this section shall be void.*" (§ 122, chap. 62, Laws 1890, as amended in 1891.)

And the other section reads: "It [the school board] shall employ the teachers of the schools of the district, . . . provided, that no person shall be *employed as teacher or* permitted to teach in any public school who is not, *when so employed or permitted to teach,* the holder of a teacher's certificate valid in the county or district in which such school is situated; . . ." (Laws 1890, chap. 62, § 75).

The court evidently construed such statute as prohibiting the entering into of such a contract when the teacher at such time does not hold a certificate or permit entitling him to teach, and the language which the court deemed controlling and decisive was above quoted. In that case it should be noticed also that "neither at the time of entering into the contract nor at the time of commencing to teach, did respondent hold a certificate valid in Ransom county." This fact no doubt was considered of some weight in that case, but however this may be, certain language found in the opinion is very significant, and unmistakably dis-

closes that the court recognized what it deemed a vital distinction between the Colorado statute construed in Hotz v. School Dist. 1 Colo. App. 40, 27 Pac. 15, and the North Dakota statute which it was there construing; and as we shall presently see, this same distinction exists between such old law and chapter 266, Laws 1911, which governs the case at bar. The language in the Hosmer opinion, to which we refer, is as follows: "The learned counsel for respondent is correct in stating that the evil against which the statute was directed consisted in having the public schools taught by unqualified persons. And there are cases supporting the contention that when the teacher held the proper certificate at the time the services were renderd, or offered to be rendered, the statute was sufficiently met; and the teacher entitled to recover under the contract. Hotz v. School Dist. supra, is of that class. A recovery of damages for breach of the contract was allowed there, in a case very similar to this. But the difference in the statutes clearly distinguishes the cases. The Colorado statute prohibited the school district officers from employing a teacher who did not hold a proper certificate. There was no penalty fixed for the violation of the provision on the part of the officers, nor was the contract declared void."

In revising and codifying our school laws in 1911 the legislature re-enacted the old sections construed in the Hosmer Case, but in a materially changed form. The portions of the old statute which we have italicized were entirely omitted. In doing so, we think it was the plain intent to change the rule announced in the Hosmer Case. The section dealing with the powers and duties of school boards (Laws 1891, chap. 62, § 75) reads: "No person shall be employed as teacher or permitted to teach . . . who is not, when so employed or permitted to teach, the holder of a teacher's certificate," etc. And as revised and re-enacted in 1911 it reads: "No person shall be permitted to teach who is not the holder of a teacher's certificate, . . . ," etc.

Why this change in the statute, if no change in its meaning and operation was contemplated? It is not reasonable to presume that something more than a mere change in the phraseology of the statute was intended, especially in view of the Hosmer decision, which had been the settled law in this state for so many years? Furthermore, and with no intention of questioning the correctness of the Hosmer decision, we think a wise public policy demanded such change. There appears to us no good

reason for such a drastic statute. The enforcement thereof operated, no doubt, to hamper and greatly interfere with school boards in the employment of teachers. It, no doubt, frequently happened that a teacher could not obtain from the board of examiners the necessary certificate or permit until a regular meeting of such board, and still it may have been desirable and to the best interests of the schools that definite arrangements by contract be made with such teacher in advance of such meetings. This fact no doubt led to the change in the law. In any event we see no reason, in the light of our present statute, why valid contracts may not be entered into for the employment of teachers at any time. Of course in the absence of an express stipulation in such contracts to that effect, the law would raise an implied stipulation that the person thus employed should, before entering upon the performance of the contract, obtain the necessary credentials qualifying him to perform the same. It would serve no useful purpose to review decisions from other states having statutes differing from ours. The cases cited in respondents' brief involved quite different statutes from those in this case.

Our conclusion leads to a reversal, and the District Court is accordingly directed to reverse its decision and to enter judgment in accordance herewith.