RICHARDS v. RICHARDSON et al.
(No. 5306.)

(Court of Civil Appeals of Texas. San Antonio. June 17, 1914.)

SCHOOLS AND SCHOOL DISTRICTS (§ 131*)— TEACHERS—CONTRACTS—QUALIFICATIONS OF TEACHERS.

Under Rev. St. 1911, art. 2780, providing that any teacher, before contracting to teach, shall exhibit a teacher's certificate valid in a city, town, or district, and that any teacher who shall teach in any public school without having a valid certificate shall not receive any compensation for such service, section 122, c. 96, Acts 32d Leg., providing that the county superintendent shall forward the examination papers of applicants for first-grade certificates to the state superintendent to be delivered to the state board of examiners, and that, if such board's report is favorable, the state superintendent shall forward a certificate to the applicant, and Pen. Code 1911, art. 1512, making it a misdemeanor for any board of trustees to approve any contract until the teacher has presented a valid certificate, a first-grade certificate granted by the county superintendent was void, and, where a teacher had no other certificate when he entered into a contract, the contract was void and unenforceable by him, though he subsequently obtained a first-grade certificate from the state superintendent.

[Ed. Note.—For other cases, see Schools and School Districts, Cent. Dig. § 287; Dec. Dig. § 131.*]

Appeal from District Court, Dimmit County; J. F. Mullally, Judge.

Action by C. F. Richards against Asher Richardson and others, individually and as trustees of the Asherton High School. From a judgment dismissing the action, plaintiff appeals. Affirmed.

N. A. Rector, of Austin, for appellant. Martin & Martin, of Uvalde, for appellees.

FLY, C. J. This is a suit for $880, instituted by appellant against Asher Richardson, J. D. Wadkins, and J. P. Wood, individually and as trustees of the Asherton High School, said sum alleged to be due on a contract for teaching said school for a period of nine months from September 9, 1912, which contract had been breached after permitting appellant to teach for one month and paying him for the same. It was alleged in the petition that appellant had, on or about September 7, 1912, obtained from the county judge of Dimmit county a first-grade teacher's certificate; that on September 9, 1912, a contract was entered into by and between appellant and appellees, as trustees for the Asherton district, for appellant to teach for nine months at a salary of $110 a month; that appellant taught the school for one month and received his salary of $110; that after the first month the county judge informed the trustees that he had no authority to issue the first-grade certificate to appellant, and the trustees notified appellant that he was dismissed as teacher in the school; that appellant offered to teach for nothing if it was finally determined by the state school author-

ities that he was not entitled to teach, or that he would employ a substitute and pay him his salary if he won in the contest, which offers were rejected by the trustees, and appellant appealed to the county judge, who sustained and reinstated him; that the district trustees appealed to the county board of trustees, who sustained the county judge; that an appeal was then taken to the state superintendent of public instruction, who sustained the district trustees; that appellant then appealed to the state board of education, which sustained the state superintendent. Appellant further alleged that:

"Prior to taking the examination before mentioned, he had done work in the state University, which entitled him to a first-grade certificate, and such first-grade certificate had been held by him, and had expired on the 31st day of August, 1912, but under the law he was entitled to a renewal of said first-grade certificate from said date to run August 31, 1916. When the board of trustees stated that they would require the teacher to hold a first-grade certificate, plaintiff came to Austin and secured from the state superintendent of public instruction a first-grade certificate to date from August 31, 1912, and to run to August 31, 1916, and on or about the 1st day of November, 1912, presented said first-grade certificate to said board of trustees, and requested them to carry out their contract with him to teach said school for the full period of nine months as aforesaid. This they refused to do, and arbitrarily stated that they would not under any circumstances permit him to carry on said school or teach in same, under his said first-grade certificate."

The court sustained a general demurrer and five special exceptions to the petition, and the cause was dismissed.

It is provided in article 2780, Rev. Stats. 1911, that:

"Any teacher desiring to teach in any city, town or district in this state shall, before contracting with any board of trustees, or with any city school board, exhibit a teacher's certificate, valid in the city, town or school district; and any teacher who shall teach in any public school in this state without having a valid certificate shall not receive from the free school funds any compensation for such service."

That statute enjoins a duty upon the teacher and affixes a penalty for failure to perform the duty. That penalty is that, unless he has a valid certificate, he shall not be paid out of free school funds. There can be no question that no certificate is valid unless issued by the authority and in the manner stipulated in the statute.

In section 122, c. 96, of the act passed by the Thirty-Second Legislature as to teacher's certificates, it is provided that the county superintendent shall forward the examination papers of applicants for first-grade certificates to the state superintendent, to be delivered to the state board of examiners, which shall examine the papers and report to the state superintendent, and, if the report is favorable, he shall forward a certificate to the applicant. Appellant, at the time that he entered into the contract with the trustees, had no such certificate and in fact had no

valid certificate for any grade. He may, as he claims, have been entitled to such certificate, but he had not obtained it. The certificate granted by the county superintendent was null and void, and the contract founded upon it was null and void.

Not only does the law provide that no teacher who has not a valid certificate shall receive any of the free school fund, but it is made a misdemeanor for any board of trustees to approve any contract until the person has presented a valid certificate. Article 1512 (Pen. Code) Rev. Criminal Stats. 1911. A contract made in violation of law would be absolutely void. W. U. Telegraph Co. v. Partlow, 30 Tex. Civ. App. 599, 71 S. W. 586; Hosmer v. Sheldon School District, 4 N. D. 197, 59 N. W. 1035, 25 L. R. A. 383, 50 Am. St. Rep. 639; Ryan v. Dakota Co. Dist., 27 Minn. 433, 8 N. W. 146; Kimball v. School Dist., 23 Wash. 520, 63 Pac. 213; Schafer v. Johns, 23 N. D. 593, 137 N. W. 481, 42 L. R. A. (N. S.) 412; Flanary v. Barrett, 146 Ky. 712, 143 S. W. 38, Ann. Cas. 1913C, 370.

In the cited case of Hosmer v. School District, the court said, in reviewing a Michigan case:

"The contract was made on the 22d day of the month; the school to commence on the 24th of the same month. The applicant had no certificate when the contract was made, but received his certificate on the 24th, and actually taught the entire term. It was held that he could not recover. There is no legal hardship in these cases. An unqualified person cannot enter into a contract to teach in our public schools without being a party to the violation of a mandatory statute, the terms of which he is conclusively presumed to know."

Appellant has not performed any services for the money he seeks to collect, but, on the other hand, he has received $110 of the free school money to which he was not entitled. Railway v. Randolph, 24 Tex. 317.

The original contract was void, because repugnant to the statute, and it could not have been ratified and certainly cannot be vitalized by obtaining a certificate and endeavoring to have it read as though of date anterior to the execution of the contract. It would not matter how competent and well fitted he was to teach, nor that he may have been entitled to a first-class certificate; he did not have it when he entered into the contract; and that instrument, being null and void in its inception, could not be vitalized and purified by any subsequent events, but it "is so nugatory and ineffectual that nothing can cure it."

The statute provides for the employment of teachers who have valid certificates, and it is made a crime for a board of trustees to employ one who has not a valid certificate, and the statute does not say that the trustees can employ a person to teach who is entitled to a certificate, nor one who may obtain a certificate at some future time. The teacher must exhibit to the trustees a valid certificate, and, as said by Jus-

tice Neill in W. U. Telegraph Co. v. Partlow, herein cited: "A contract without such a certificate * * * would unquestionably be void." See, also, Goose River Bank v. School Township, 1 N. D. 26, 44 N. W. 1002, 26 Am. St. Rep. 605; Bryan v. School Dist., 111 Mich. 67, 69 N. W. 74; McCloskey v. School Dist., 134 Mich. 235, 96 N. W. 18.

The judgment is affirmed.

CARL, J., did not sit in this case.