Hon. Artie Stephens, page 2

vouchers for a period taught before
receipt of certificate?

"c. Assuming that under Article 2882 of
the Revised Statutes of Texas that the contract
between the local school board and teacher was
for the reasons hereinbefore mentioned void,
then would the school board be authorized to
make payment of any reasonable amount to
compensate such teacher for services actually
performed?"

Additional facts appearing in the letter show
that the teacher in question had sufficient school credits
to entitle him to a high school certificate except that
he had not taken two required courses in government. Late
in the month of August he secured the position to teach
provided he could secure a certificate and thereupon signed
up for the government courses in Texas Tech and turned in
his work to the instructor prior to the opening of the
school year, but it was not accepted as satisfactory by the
instructor in charge. Further delay was occasioned by the
fact that the instructor took a leave of absence from Texas
Tech and the work submitted by the teacher was not accepted
and the teacher's certificate issued by the Department of
Education until about February 1, 1940.

Please accept our thanks for the brief which
you have submitted with your letter of request.

Article 2882, R.C.S., 1925, reads as follows:

"The county superintendent shall keep a
record of all certificates held by persons
teaching in the public schools of the common
school districts and of the independent school
districts of his county. Any person who de-
sires to teach in a public free school of a
common school district shall present his certi-
ficate for record, before the approval of his
contract. Any person who desires to teach in
the public schools of an independent school
district shall present his certificate to the
county superintendent for record before his

contract with the board of trustees of the in-
dependent school district shall become valid.
<u>A teacher or superintendent who does not hold
a valid certificate shall not be paid for teach-
ing or work done before the granting of a valid
certificate, except for teaching in such branches
as are exempted under the terms of this law.</u>"
(Underscoring ours).

From your letter of request it does not appear
that the teacher in question was teaching in such ex-
empted branches as are referred to in this article.

Article 291, P.C., 1925, reads as follows:

"Any county or city superintendent or
school trustee who approves any teacher's
contract or voucher until the person has
presented a valid certificate shall be fined
not less than twenty-five nor more than one
hundred dollars."

This department ruled in an opinion, addressed
to the Hon. L. A. Woods, dated Oct. 18, 1935, Letter
Book 367, p. 917, that a teacher's contract entered into
under facts similar to those set out above was void.

In <u>Richards v. Richardson</u>, (T.C.A., 1914) 168 S.W.
50, the court stated:

"That statute enjoins a duty upon the
teacher and affixes a penalty for failure to
perform the duty. That penalty is that, un-
less he has a valid certificate, he shall
not be paid out of free school funds. . .

". . . Appellant, at the time that he
entered into the contract with the trustees,
had no such certificate and in fact had no
valid certificate for any grade. He may, as
he claims, have been entitled to such certi-
ficate, but he had not obtained it. The certi-
ficate granted by the county superintendent was

null and void, and the contract founded
upon it was null and void.

."Not only does the law provide that
no teacher who has not a valid certificate
shall receive any of the free school fund,
but it is made a misdemeanor for any board
of trustees to approve any contract until
the person has presented a valid certificate.
Article 1512 (Pen. Code) Rev. Criminal Stats.
1911. A contract made in violation of law
would be absolutely void. W.U.Telegraph Co.
v. Partlow, 30 Tex. Civ. App. 599, 71 S.W.
586; Hosmer v. Sheldon School District, 4
N.D. 197, 59 N.W. 1035, 25 L.R.A. 383, 50
Am. St. Rep. 639; Ryan v. Dakota Co. Dist.
27 Minn. 433, 8 N.W. 146; Kimball v. School
Dist., 23 Wash. 520, 63 Pac. 213; Schafer
v. Johns, 23 N.D. 593, 137 N.W. 481, 42 L.R.A.
(N.S.) 412; Flanary v. Barrett, 146 Ky. 712,
143 S.W. 38 Ann. Cas. 1913C, 370.

". . .

"Appellant has not performed any services
for the money he seeks to collect, but, on
the other hand, he has received $110. of the
free school money to which he was not entitled.
Railway v. Randolph, 24 Tex. 317.

"The original contract was void, because
repugnant to the statute, and it could not
have been ratified and certainly cannot be
vitalized by obtaining a certificate and en-
deavoring to have it read as though of date
anterior to the execution of the contract. It
would not matter how competent and well fitted
he was to teach, nor that he may have been en-
titled to a first-class certificate; he did
not have it when he entered into the contract;
and that instrument, being null and void in
its inception, could not be vitalized and puri-
fied by any subsequent events, but it 'is so

nugatory and ineffectual that nothing can
cure it.'

"The statute provides for the employment
of teachers who have valid certificates, and
it is made a crime for a board of trustees to
employ one who has not a valid certificate,
and the statute does not say that the trustees
can employ a person to teach who is entitled
to a certificate, nor one who may obtain a
certificate at some future time. The teacher
must exhibit to the trustees a valid certi-
ficate, and, as said by Justice Neill in W.U.
Telegraph Co. v. Partlow; herein cited: 'A
contract without such a certificate . . . would
unquestionably be void.' See, also, Goose
River Bank v. School Township, 1 N.D. 26, 44 N.W.
1002, 26 Am. St. Rep. 605; Bryan v. School Dist.
111 Mich. 67, 69 N.W. 74; McCloskey v. School
Dist., 134 Mich. 235, 95 N.W. 18."

The statute before the court in that case required
that a valid certificate be held and exhibited before the
local board of trustees could enter into the contract. The
present statute requires that a valid certificate be held
and filed with the county superintendent before he shall
approve the teacher's contract. The approval of the
county school superintendent is essential to the validity
of a teacher's contract made with the trustees, a common
school district. Hill vs. Smithville Ind. School Dist.,
239 S.W. 987.

A. It is our opinion that the teacher's
contract entered into and approved under the
facts presented is void and compensation may
not be paid thereunder to the person holding
such void contract.

B. The county school superintendent is
not authorized to approve vouchers issued to
a person as compensation for teaching in a
common school district for a period during
which such teacher did not hold a valid
teacher's certificate, since such approval is
specifically prohibited by law.

C. A person teaching in a common school

district without first having obtained a
valid teacher's certificate may not be
paid a reasonable amount for services actu-
ally performed out of the public school
funds of this state, for the period during
which such  teacher did not hold a valid
certificate; Article 2882, R.C.S., 1925,
specifically providing that the teacher 'shall
not be paid for teaching or work done before
the granting of a valid certificate.'"

This opinion does not apply to teaching in those
branches exempted under the terms of Article 2882, R.C.S.,
1925, and related statutes.

Yours very truly

ATTORNEY GENERAL OF TEXAS

By s/ Cecil C. Cammack
Assistant

CCC:ob

APPROVED Apr.11, 1940
W. F. Moore
First Assistant Attorney
General