WILLIAM M. HOSIER, RELATOR v. HIGGINS TOWNSHIP BOARD.

*Highway commissioners—Mandamus to enforce payment of bridge orders.*

Highway commissioners have no authority to involve the township in debt, at their discretion, for building bridges.

Highway commissioners can only act when authorized ; there is no general presumption that they can bind their township by obligations which they may see fit to issue, and if, in a proceeding to enforce such obligations, there is no finding of their authority to issue them, it must be assumed that none existed.

In mandamus proceedings to enforce the payment of money, as in any other, the claimant must make out his own case unless it is admitted

expressly or by implication; the burden is not on the respondent to show that the demand is illegal.

The Supreme Court has plenary jurisdiction in mandamus, and will grant relief where a case is made out in part, even if it fails in other respects.

Mandamus.    Submitted Jan. 11.    Decided Jan. 19.

*George L. Alexander* for relator.    Highway commissioners have power to build bridges (Comp. L. §§ 1192, 1246; *Niles v. Martin* 4 Mich. 557); mandamus lies against a township to enforce payment of ascertained claims: *Marathon v. Oregon* 8 Mich. 372; *Dayton v. Rounds*, 27 Mich. 82; *Peterson v. Munistee*, 36 Mich. 8; *Detroit v. Michigan Paving Co.* id. 343.

*Tarsney, Tennant & Weadock* for respondent.    Highway commissioners have no general authority to make contracts for bridges: *Conrad v. Smith* 32 Mich. 433; and if they do so the other contracting party cannot enforce payment from the township: *Taymouth v. Koehler* 35 Mich. 24; judgment cannot be given for part of a relator's claim and be for the respondent as to the rest: *Carpenter v. Beloit* 20 Wis. 79; *People v. Dutchess Supervisors* 1 Hill 50; *McSpedon v. Supervisors*, 18 How. Pr. 152; High Ext. Legal Rem. § 529; *Chance v. Temple* 1 Ia. 179; *Hartshorn v. Ellsworth* 60 Me. 276; *State v. Milwaukee* 22 Wis. 397; *People v. Brooks* 57 Ill. 142.

CAMPBELL, J.    Relator asks a mandamus to compel the respondents to raise a tax to pay certain highway orders.    One of them amounting to $100 and numbered 825 is not disputed. The rest were issued by the highway commissioners to pay for a bridge across the Au Sable river on the line of what is claimed to have been a highway.    The answer of the respondents denied that there was any legal authority to build this bridge on the credit of the township, and on an issue framed upon this point no proof was apparently given, and no finding was had of any such authority, unless inherent in the office.

The statutes on this subject (Comp. L. § 1194) require the various highway commissioners to render to the town board at its annual meeting an account of the work of the preceding year, and certain items of collections and assessments, and also the improvements necessary to be made on roads and bridges, beyond what the labor assessed will do, and the town board is required to submit the same to the next annual town meeting, when a vote may be taken to raise not more than $250 in any one year. The board of supervisors may authorize townships to raise or borrow not more than $1000 for roads and bridges by vote of the electors. § 477. We have found no authority for highway commissioners of their own discretion to incur indebtedness for any such purpose. The amount of orders now in dispute for the building of the bridge in question is $375; and the record shows no right to issue them.

It is claimed that under the practice in mandamus cases the burden of showing illegality rests on the respondents. Mandamus proceedings to collect debts are not different from any other suits. The plaintiff must always make out his case unless admitted expressly or by implication. In this case his allegations were met by a defense denying his right. There is no general presumption that highway commissioners can bind their townships by such obligations as they choose to issue. They can only act when authorized. In the absence of any finding of authority we must assume none existed.

The mandamus as to these bridge orders must be denied. Under our present practice we have not been in the habit of denying relief where the relator fails in some part of his claim but makes out the rest. There is no good reason for distinguishing in this regard between mandamus proceedings and other actions where a complete cause of action is made out less than the whole claim. We have discarded the old rule, which seems to have prevailed under a different form of procedure, and which some of the earlier decisions of this court adopted. We do not deem it applicable under the constitutional provision which has given this court plenary juris-

diction in mandamus cases. Such remedies should be applied rationally.

The writ must be allowed for the valid order, but without costs.

The other Justices concurred.