JOHN N. MINER v. FRED S. VEDDER, TREASURER OF THE VILLAGE OF HUDSON.

*Village orders — Purchaser — Mandamus—Issues of fact — Special questions.*

1. Warrants or orders drawn by a village on its treasurer are not negotiable instruments, and the purchaser takes the same subject to all existing equities between the payee and the village, or between the payee and any other person, without reference to the good faith of such purchaser.

2. Whether How. Stat. § 7606, as amended by Act. No. 15, Laws of 1885, providing for the submission of special questions to a jury, applies to the trial of an issue of fact framed in the Supreme Court in a *mandamus* case, and sent down to the circuit for trial, is doubtful. The circuit judge cannot restrict the scope of the inquiry ordered, and it is not certain that he can enlarge it.

3. The refusal to submit to a jury special questions, none of which are material to the issue in such a sense that their determination by the jury would, either one way or the other, serve any useful or important purpose in arriving at a decision of the issue submitted to them, is at the most error without prejudice. [1]

4. In this case a *mandamus* is granted, not as a matter of right, but because the respondent seems willing to pay the amount found due by the jury on the orders.

Mandamus to compel the payment of certain village orders. Submitted April 28, 1887. Granted May 5, 1887. The facts are stated in the opinion.

*A. L. Millard,* for relator.

*Bean & Lane,* for respondent.

MORSE, J. In the October term of this Court, 1885, the relator petitioned for a writ of *mandamus* against the respondent.

---

[1] See *Loomis v. Armstrong,* 63 Mich. 357 (head-notes 12, 13), and note.

He claimed to be the owner and lawful holder of two village orders for $700 each, issued, one July 13, and the other September 6, 1882, to the order of W. W. Van Akin, drawn upon the treasurer of the village of Hudson, and signed by the recorder of said village. They were regularly indorsed to him, as appeared upon them. They were drawn in payment for work and materials done and furnished by said Van Akin, under a contract for paving one of the streets of the village, and by order of the common council. He further averred that the treasurer refused to pay them, and gave no reason for such refusal, except that no particular funds had been set apart for the payment of said orders, though the treasurer admitted that there was sufficient money in the treasury to pay the same.

The respondent answered, in substance admitting the refusal to pay the orders, and that they were issued to said Van Akin as stated in the petition, but averred that there was a mistake made in the computation of the amount due to Van Akin to the amount of $103.62, and also a mistake made in settling with him, by which he was allowed $170.60 too much, which two amounts ought to be deducted from the amount of said orders; and that relator was cognizant of such mistakes or claim of mistakes, when he purchased the orders; that Van Akin was pecuniarily irresponsible. The answer of respondent further set forth that a notice had been served upon the treasurer that John K. Boies claimed that the orders rightfully belonged in his possession, and that no one else was entitled to them, and that they were wrongfully out of his possession; and that respondent believed that Boies was rightfully entitled to them, before relator purchased them, as security for a loan to Van Akin.

Upon the coming in of this answer an issue was made up, and sent down to be tried and determined by the circuit court for the county of Lenawee. Such issue was composed of two questions:

1. Is the said relator the indorsee and lawful holder and owner of the said warrants?

2. What amount is due upon the said warrants?

A trial was had in September, 1886, and the jury found as follows:

1. That the relator was not the lawful holder of the two orders or warrants, but that he was the indorsee and general owner thereof, subject to the lien of John K. Boies, who was lawfully entitled to hold said orders as a pledge and security for the payment of $173.90 owing by Van Akin, the payee named in such orders, to said Boies.

2. That there was a mistake, as claimed by respondent, and they deducted the amount of such mistake, $275.11, from said orders, and found to be due upon them, after such deduction, allowing interest from August 18, 1882, the sum of $1,249.65.

The counsel for the relator complains of the action of the trial judge, and insists that he is entitled to the writ, as prayed, for the payment of the whole sum apparently due from the face of said orders.

It was claimed upon the trial, and is argued here, that relator purchased the orders in good faith, for a valuable consideration, without notice of the mistake or lien claimed, and that, therefore, being a *bona fide* holder of said orders, neither such mistake nor lien could be allowed or enforced as against him. It is sufficient to say, in answer to this argument, that these warrants or orders, issued by the village of Hudson, are not negotiable instruments, and, while in the hands of the relator, are subject to all the equities existing between the payee and the village, or between the payee and any other person, without reference to the good faith of the relator in his purchase.

We find no error in the proceedings.

It is alleged that the circuit judge improperly refused to submit certain special questions to the jury which were framed and presented for that purpose by the counsel for the relator. The counsel first presented nine questions which the court declined to submit. Thereupon, before the jury

retired, the said counsel requested of the court as follows:

" If the court declines to submit all of these questions to the jury, then we ask that we may submit five of them, which we will select."

It does not appear that any selection was made, or that the court ruled on this last proposition, until after the jury had retired to deliberate upon their verdict. Then the counsel for relator selected five, and asked that they be submitted, which the court refused to do at that stage of the case. The counsel for relator contends that the judge should have submitted these five questions under How. Stat. § 7606, as amended by Act. No. 15, Laws of 1885.

We doubt whether this statute was intended to or does apply to a case like the present, where the issue of fact is made up in this Court, and specific questions are sent down to the circuit for the determination of the jury. The circuit judge cannot certainly restrict the scope of the inquiry ordered by us, and it is not certain that he can enlarge it. But, be that as it may, none of the questions propounded in this case were material to the issue in such sense that their determination by the jury would, either one way or the other, have served any useful or important purpose in arriving at the matter which we desired to have adjudicated by a jury. There was therefore no harmful error in refusing them.

The writ in this case will issue commanding and directing the respondent to pay to the relator the amount found due upon the orders by the jury, less the amount of the lien of said Boies, upon the presentation of such orders. Such payment will be a release upon said orders as far as the relator is concerned.

We issue the writ, not as a matter of right, but for the reason that the village of Hudson seems to be willing to pay such amount, and to end the controversy. No costs will be awarded either party.

The other Justices concurred.