FIELD *v.* VILLAGE OF HIGHLAND PARK.

141   69
156   182

1. MUNICIPAL CORPORATIONS — VILLAGE WARRANTS — NEGOTIA-
   BILITY.

   Village warrants are not negotiable instruments in such a
   sense that defenses available against the original payee are
   cut off by transfer to a bona fide holder.

2. SAME—ESTOPPEL TO DENY LIABILITY.

   Where a village issues a warrant to a public contractor in ex-
   cess of the amount due him and in excess of the special as-
   sessment against which it is drawn, the transaction is in no
   sense a borrowing of money, though a part of the warrant is
   subsequently paid and a new order given for the balance, and
   the village is not estopped as against a bona fide holder from
   raising defenses against the order on the theory that by its
   acts it had elected to rely on the contractor's bond to enforce
   completion of the work.

Certiorari to Wayne; Donovan, J. Submitted June 13,
1905. (Calendar No. 20,889.) Decided July 21, 1905.

Mandamus by George S. Field to compel the village of
Highland Park to pay or levy an assessment to cover the
amount of a warrant. There was an order granting the
writ and respondent brings certiorari. Reversed.

This is certiorari to review a decision of the circuit
judge granting mandamus directing the village authorities
to either pay or levy an assessment to cover the amount
of an order or warrant in the following terms:

"VILLAGE OF HIGHLAND PARK, MICHIGAN.
"May 28, 1901.
"To A. G. TYLER, Treasurer:
"Pay to the order of Central Savings Bank two thou-
sand sixty-one and 11/100 dollars. For account of S. A.
D. No. 16 fund. Payable on or before four months from

date with 6% interest, ordered by trustees at their meeting on May 28, 1901.

[Signed]        "E. KETCHAM,
                                "President.
[Signed]   ·   "R. MILTON FORD,
                                "Clerk."

The relator originally held this warrant as trustee for the Central Savings Bank and Brainard Rorison, and the indorser, Rorison, having paid the amount of the warrant to the bank, is now the only person beneficially interested in the fruits of relator's proceeding. It appears that a similar time order was given March 1, 1900, to the American Contracting Company, Limited, for $2,740.15, that this order found its way into the hands of the Central Savings Bank with the indorsement of the American Contracting Company, Limited, and Rorison, that certain payments were made upon the warrant, and that the present warrant is a renewal for the balance due.

The evidence shows that the consideration for the original warrant was work done by the American Contracting Company, Limited, in paving Woodward avenue. This work was done under a contract involving an outlay by the village of $27,887. Of this amount $26,247.60 was spread upon the assessment roll of Assessment District No. 16, and the sum of $1,600 was to be paid by the village at large for intersections. Prior to the giving of this order the village engineer reported that certain defects existed in the pavement, but it seems to have been understood that the work of repairing the pavement and completing the contract, which the testimony shows would cost something like $5,000, should be postponed until spring, and the order to the American Contracting Company, Limited, was issued. The contracting company had given a bond for the faithful performance of the work contracted. The work of remedying the defects above referred to has never been done.

The circuit judge was of the opinion that relator was entitled to enforce this warrant, apparently upon the

ground that the village had estopped itself from withholding payment from the holder of the warrant, and must look to the bond given by the American Contracting Company, Limited, for reimbursement. He also held that the warrant was in the nature of commercial paper.

*Rowland M. Connor,* for appellant.

*Orla B. Taylor,* for appellee.

MONTGOMERY, J. (*after stating the facts*). Mr. Justice Field, in *Wall* v. *County of Monroe,* 103 U. S., at page 77, in speaking of warrants in every way similar to the one under consideration, said:

"They are orders upon the treasurer of the county to pay out of its funds for county purposes not otherwise appropriated the amounts specified. They establish prima facie the validity of the claims allowed and authorize their payment. But they have no other effect. * * * The warrants being in form negotiable are transferable by delivery so far as to authorize the holder to demand payment of them and to maintain in his own name an action upon them. But they are not negotiable instruments in the sense of the law merchant, so that, when held by a bona fide purchaser, evidence of their invalidity or defenses available against the original payee would be excluded. The transferee takes them subject to all legal and equitable defenses which existed to them in the hands of such payee."

Numerous cases have been decided in harmony with this holding, including a decision in point by this court. See *Miner* v. *Vedder,* 66 Mich. 101. See, also, *School District Township of Newton* v. *Lombard,* 2 Dill. (U. S.) 493.

Relator's counsel does not insist that this paper is negotiable within the law merchant, but claims that the village is now estopped, after renewing the paper in the hands of the bank, from refusing payment; that the village has elected to rely upon the bond both by the original issue of the order and by its repeated renewal. We do not con-

sider this position tenable. It is true the village council is by section 2872, 1 Comp. Laws, given power to borrow money in anticipation of the collection of special assessments actually made, not in excess of the assessment; but not only is this order in excess of the unused portion of the assessment, but the transaction was in no sense a. borrowing of money. The issue of the first order was an attempt to advance the paper of the village to a contractor to whom no money was at the time due. Had it brought suit upon this order, the court could not have entertained the contention that the village had borrowed money. The village had no power to lend its credit. As we have seen, had the bank undertaken to enforce the original order, it would have had to meet the same defenses which would have been open as against the payee. No new consideration has passed either from the bank or Rorison, and the rights of neither are greater than they would have been under the original warrant.

The order is reversed, with costs.

MOORE, C. J., and CARPENTER, McALVAY, and OSTRANDER, JJ., concurred.