POWER *v.* GRAY.

1. MUNICIPAL CORPORATIONS — TOWNSHIPS — WARRANT — ORDER FOR PAYMENT OF MONEY — TOOLS AND MACHINERY.

In payment for tools and machinery purchased neither highway commissioner nor township board may lawfully issue a warrant calling for the future payment of money, and interest thereon, unless authorized by a vote of the electors of the corporation.

2. SAME — TIME — WARRANT.

Under section 2269, 1 Comp. Laws (1 How. Stat. [2d Ed.] § 1326), the validity of such order or warrant depends upon compliance with the statutory requirements and unless authorized by the electors, or by special statutory provisions, the obligation did not bind the township.

3. SAME — BORROWING MONEY — POWER TO CREATE DEBTS.

Under section 8 of the general highway law (Act No. 108,

Pub. Acts 1907, 1 How. Stat. [2d Ed.] § 2173), the authority to borrow money for highway purposes does not extend to a period of three years in advance of the issuance of the order: though after the tax has been de-- termined the board has authority to borrow in anticipation of the collection of taxes for purchasing tools, machinery, etc.

4. SAME—SALES—BILLS AND NOTES—NEGOTIABILITY.

A township order for the payment of the price of tools or machinery purchased by the highway commissioner and township board is not a negotiable instrument which passes to a bona fide purchaser free from equities. Being void in the hands of the original holder, or payee, it was invalid in the possession of a holder in due course.

Certiorari to Benzie; Lamb, J. Submitted June 27, 1914. (Calendar No. 26,290.) Decided June 14, 1915.

Mandamus by Delbert H. Power against Earl Gray, treasurer of Almira township, Benzie county, to compel respondent to recognize and pay an order of the township board. An order was entered denying the writ; relator brings certiorari. Affirmed.

*Gleason & Lee (Myron H. Walker,* of counsel), for relator.

*Warner, Raudabaugh & Person,* for respondent.

BIRD, J. In response to an order of the circuit court for the county of Benzie to show cause why he, as treasurer of the township of Almira, should not pay a certain township order presented for payment by the relator, the respondent showed cause by insisting that the township order in question was issued without authority. The trial court agreed with respondent, whereupon the relator removed the proceedings by certiorari to this court for review.

The township order in question was in the following form:

"To the Treasurer of Almira Township, in Benzie County, State of Michigan:

"Whereas, the commissioner of highways and township board of your said township has heretofore duly contracted for and purchased of the C. W. Carter Co., Ltd., in pursuance of the laws of the State of Michigan, one No. 2 all steel snow roller ten foot long:

"You are hereby directed and required to pay to the said C. W. Carter Co., Ltd., Detroit, Michigan, or order, out of the highway funds of said township (350) three hundred fifty dollars, the contract price therefor as per such contract as follows:

"$150 on or before 1st day of April, 1910; $100 on or before 1st day of April, 1911; $100 on or before 1st day of April, 1912; with interest at the rate of six per cent. per annum, payable annually, from the 1st day of January, 1909, at the State Bank in Traverse City, Michigan.

"Witness our hand and seal as highway commissioner and township board of said township this 29th day of December, 1908.

"WM. T. SHUTT, Highway Commissioner.
"EARL GRAY, Supervisor.
"WM. J. SHILLIDAY, Township Clerk.
"J. W. BUSKERT, Justice of Peace.
"S. S. BURNETT, Justice of Peace.

"The above order has been duly registered with me as clerk of the said township and a true copy thereof filed in my office this 29th day of December, 1908.

"WM. J. SHILLIDAY, Clerk of Almira Township.
"P. O. Lake Ann, Mich."

On the back of said order was written:

"Without recourse on us.
"C. W. CARTER CO., LTD.
"C. W. CARTER."

1. One point made against the validity of the order is that neither the township board nor the highway commissioner, nor both together, have the authority to issue an interest-bearing obligation payable in the future, to pay for highway tools and

machinery. In support thereof, the following provisions of the statute are relied upon:

"That hereafter it shall be unlawful for any highway commissioner to draw or issue any order or orders for the payment of money upon the township treasury of any township, or to contract for, or to permit to be done or furnished any labor or materials upon or for the highways or bridges in such township, for any sum or sums greater than the highway funds theretofore authorized by the votes of such township, or otherwise provided by law, except in cases especially provided by existing laws." § 4212, 2 Comp. Laws.

"No board, officer or officers shall create any debt or liability against the township, or issue any warrant, certificate or order for the payment of money, except when the creation of such debt or liability or the payment of such money has been authorized by such vote or by the provisions of law." § 2269, 1 Comp. Laws.

The township order in question is dated December 29, 1908, and provides for future payments only. The first one is due March 1, 1910, and the last one on March 1, 1912, with a provision for annual interest. It is clear that neither the township board nor the highway commissioner could bind the township with such an obligation, unless authorized by the statute. *Hosier* v. *Township Board*, 45 Mich. 340 (7 N. W. 897). In order to make such an obligation valid, it must either be authorized by a vote of the electors of the township or by some existing provision of the statute. There is no claim that it was authorized by a vote of the electors, nor has there been called to our attention any provision of the statute, which was in force at the time, granting any such power. On the contrary, there is an express provision against the exercise of it, except in the cases mentioned. Section 2269, *supra*.

The relator argues that sections 8 and 10 of the

highway law of 1907 (Act No. 108, Pub. Acts 1907) authorize the issuance of the order. These sections provide that:

"SEC. 8. When the amount of either or both of said taxes shall have been determined by the township meeting or the township board, the township board shall have the power and authority to borrow an amount not exceeding three-fourths of the tax determined upon for the ensuing year, for the purpose of paying for labor, material, tools or machinery, or other expenses in connection with the laying out, building, repairing or improving of highways and bridges of the township."

"SEC. 10. The highway improvement fund shall be expended by the township highway commissioner under the direction of the township board in laying out, building and permanently improving or repairing highways and bridges and in the employment of labor, purchasing of material, tools or machinery to be used therefor."

The authority given by section 8 does not contemplate that the borrowing will extend beyond the collection of the taxes for the current year. Obviously the board did not rely on this section, as it fixed the time of payment of the obligation over three years away. Without doubt, the township board has the power, after the tax is determined, to borrow in anticipation of the collection of the taxes and pay for highway tools and machinery, but that is a different proposition from the one involved here. And it is very evident that the legislature did not understand that it had granted to township boards the power contended, for, if it had, it would not have passed the following provision in 1909:

" * * * The commissioner of highways, under the direction of the township board, may contract for such tools or road machinery as they may deem advisable, to be paid for in not to exceed four years' time, but in no one year shall the payment made thereon exceed one-fourth of the amount of the allow-

able highway improvement tax. * * * " Section 10, chap. 2, Act No. 283, Pub. Acts 1909.

Had this section been in force when the obligation in question was created, no question would probably have arisen as to its validity. We must conclude, as did the trial court, that the order was unauthorized and void.

2. The relator claims that he purchased the order in good faith before it was due, and for value, and that he is in the position of a bona fide holder. It has been determined by this court that such orders are nonnegotiable instruments. This being true, it must therefore follow that relator took the order subject to all the defenses which might have been made to it in the hands of the original holder. *Miner* v. *Vedder,* 66 Mich. 101 (33 N. W. 47); *Field* v. *Village of Highland Park,* 141 Mich. 69 (104 N. W. 393). In view of the conclusion reached as to this point, it will be unnecessary to consider the other questions raised against its validity.

We think the trial court reached the right conclusion, and its order will be affirmed.

BROOKE, C. J., and MCALVAY, KUHN, STONE, OSTRANDER, MOORE, and STEERE, JJ., concurred.